■ In the Matter of Diana Mobley-Jennings, Respondent, v Robert R. Dare, Appellant. [642 NYS2d 41] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Kent, J.), entered February 16, 1995, which denied his objections to an order of the same court (Silverman, H.E.), dated December 9, 1994, which, *inter alia,* awarded the mother child support in the amount of $100 per week.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contention, the Hearing Examiner's order was not issued in the absence of any proof of the father's financial circumstances and ability to pay support, nor was it based solely on the presumption found in Family Court Act § 437 (*see, Matter of Commissioner of Social Servs. of the City of N. Y., [Dayouze S.] v Daniel S.,* 126 Misc 2d 32, 33-34; *cf., Matter of Eason v Eason,* 86 AD2d 666). The mother undertook discovery, and the Hearing Examiner had before him sufficient financial data in the forms of an affidavit of net worth, income tax returns, and the father's responses to interrogatories. Further, both parties testified.

The Hearing Examiner did not err in finding that the father's income was greater than that found in his most recent income tax return at the time of the hearing (*see, Matter of Gallager v Flaherty,* 220 AD2d 867; *Perretta v Perretta,* 203 AD2d 668; *Jose R.D. v Elisabeth R.D.,* 197 AD2d 457; *Matter of Ladd v Suffolk County Dept. of Social Servs.,* 199 AD2d 393, 394). A court is not bound by a party's account of his finances, and when a party's account of his finances is not believable, the court is justified in finding an actual or potential income greater than that claimed (*see, Matter of Vetrano v Calvey,* 102 AD2d 932, 933; *Felton v Felton,* 175 AD2d 794; *Rosenberg v Rosenberg,* 155 AD2d 428). The record supports the Hearing Examiner's conclusion that the father is earning at least

$30,000 to meet his personal and business needs. Accordingly, the child support award of $100 per week is neither unjust nor inappropriate (*see,* Family Ct Act § 413 [1] [g]).

We have considered the father's remaining contentions and find them to be without merit. Thompson, J. P., Santucci, Joy and Altman, JJ., concur.