**CAROLYN A. BLAISE**, Respondent, v **ROLAND A. BLAISE**, **SR.**, Appellant. [659 NYS2d 926] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered April 10, 1996 in Clinton County, which granted plaintiff's motion to, *inter alia*, enforce an amended judgment of divorce.

The parties were divorced in 1992 and have joint custody of their son Geoff, born in 1983. Defendant's appeal from the judgment of divorce was previously affirmed by this Court (*see*, *Blaise v Blaise*, 206 AD2d 715). Under the terms of the amended judgment of divorce, entered April 23, 1993, defendant was required to transfer to plaintiff title to four parcels of income-producing real property* in the Village of Keeseville, Clinton County. Defendant was to convey these properties free and clear of all encumbrances, including real property taxes and other municipal charges. When defendant failed to convey the properties, plaintiff brought an enforcement proceeding which culminated in an order directing the Sheriff to convey title which occurred in October 1994.

In June 1995, plaintiff sought, *inter alia*, an order directing defendant to pay child support, unpaid property taxes and municipal charges and to reimburse her for rents collected on the properties from April 23, 1993 until October 1994. Following a nonjury trial, Supreme Court directed defendant to pay $9,380.27 in unpaid property taxes and municipal water charges, $53,951.55 representing rents received during the applicable period, $75 per week in child support and statutory interest totaling $8,782.18. Defendant appeals.

Initially, defendant argues that Supreme Court erroneously accepted plaintiff's calculation for unpaid taxes prepared by the Clinton County Deputy Treasurer inasmuch as that document, plaintiff's exhibit 1, was never introduced into evidence. We agree. While the record reveals that the parties stipulated to the admission of several documents, there was no stipulation with respect to plaintiff's exhibit 1, nor did plaintiff make a formal offer to introduce it into evidence. Absent the document's formal introduction and in view of defendant's stated objection to plaintiff's calculation of the taxes owed based on the deeds' recording date of October 7, 1994 rather than September 1994, their purported delivery date, Supreme Court should not have accepted plaintiff's exhibit 1 as proof of the amount of taxes owed. Nevertheless, because defendant stipulated that he had not paid the real property taxes on the properties prior to their conveyance to plaintiff, we are of the

---

* 22 Liberty Street, 39-49 Front Street, 5 South AuSable Street and 1 (also know as 121) South AuSable Street.

view that plaintiff should be permitted to receive the benefit of that stipulation by being accorded the opportunity on remittal to make an appropriate offer of proof regarding the amount of the taxes owed prior to their conveyance to plaintiff.

Defendant also argues that Supreme Court erred in calculating the reasonable rental value of the properties. He testified that during the period in question various apartments were, at times, vacant, that some tenants failed to pay their rent and that he incurred maintenance and repair expenses. Notably, defendant failed to produce detailed records supporting these claims. Instead, he introduced pages from two handwritten ledgers which purportedly showed, *inter alia*, the rents collected. However, defendant acknowledged that the ledgers did not contain an itemized breakdown of the rents received from each tenant nor did he know whether all the rents were recorded in the ledgers. Although defendant also produced his 1993 and 1994 tax returns which listed his rental income as $24,065 in 1993 and $10,275 in 1994, he conceded that the returns were prepared by accountants from the same ledgers.

Plaintiff offered the testimony of Albert Giddings, a tenant in the Front Street building since February 1993. In contrast to defendant's testimony during plaintiff's case, Giddings testified to a higher occupancy rate in his building and that some tenants bartered services in exchange for rent. Plaintiff also introduced copies of shelter vouchers evidencing monthly rental payments of, *inter alia*, $350, $400, $450 and $637.20 by the Clinton County Department of Social Services on behalf of clients who were tenants at 22 Liberty Street between April 1993 and December 1993, which contradicted defendant's claims concerning the going rate for rentals in this building.

Contrary to defendant's contention, in reviewing a decision following a nonjury trial our inquiry is not limited to determining whether the court's findings are supported by credible evidence; "rather, if it appears that a finding different from that of Supreme Court is not unreasonable, we must weigh the probative force of the conflicting evidence and the relative strength of conflicting inferences that may be drawn, and grant judgment as warranted * * * However, deference must be given to the findings of the trial court which was in a better position to assess the credibility of the witnesses" (*Hunt v Hunt*, 222 AD2d 759, 761 [citations omitted]; *see, Hoover v Durkee*, 212 AD2d 839). While our review of the record supports Supreme Court's determination that the reasonable value for all properties from April 1993 until October 1994 was $53,951.55, we note plaintiff's testimony that she began receiv-

ing rents in September 1994. Therefore, defendant must be credited with a ratable reduction representing the payments plaintiff received for September 1994.

Furthermore, Giddings testified that utilities were included in the rent he paid for his Front Street apartment. An examination of defendant's 1993 and 1994 income tax returns shows that he incurred utility expenses for the Front Street building. His ledgers also indicate payments for utilities. Since plaintiff would have incurred these or similar expenses had defendant timely conveyed the properties, defendant is also entitled to a credit for these expenditures if sufficiently proven. As for defendant's unsubstantiated claim that he expended money to maintain and repair the properties, plaintiff's testimony that they were in poor condition when she took them over, supported by photographs, was sufficient to support Supreme Court's finding that defendant failed to establish these expenses. Accordingly, there must be a redetermination of the amount of the unpaid real property taxes, rentals and statutory interest due plaintiff.

Turning to Supreme Court's award for child support, we find no abuse of the court's discretion in viewing defendant as a noncustodial parent for purposes of the application of the Child Support Standards Act (hereinafter CSSA; see, Domestic Relations Law § 240 [1-b]). While the record shows that the parties originally contemplated sharing their son's actual physical custody, the proof which Supreme Court reasonably credited was that the child resided primarily with plaintiff and spent 50 to 100 days a year with defendant. We also reject defendant's claim that Supreme Court erroneously refused to deduct an amount for depreciation of the properties from his income since he failed to prove that the depreciation was an out-of-pocket expense (see, Matter of Westchester County Dept. of Social Servs. [Rosa B.] v Jose C., 204 AD2d 795, 798).

As to the amount of support actually awarded, we note that a court need not accept a party's account of his or her finances when that account is not believable (see, Matter of Mobley-Jennings v Dare, 226 AD2d 730). Furthermore, a court has considerable discretion to attribute or impute an annual income to a parent (see, Matter of Gallager v Flaherty, 220 AD2d 867; Matter of Susan M. v Louis N., 206 AD2d 612, 613) based upon his or her ability to earn sufficient means to pay child support, particularly where, as here, the inability to establish that parent's income is directly attributable to inaccurate financial records for which he was responsible (see, Matter of Liebman v Liebman, 229 AD2d 778).

Based upon our review of the record, we conclude that Supreme Court did not abuse its discretion in imputing income to defendant in the amount of $450 per week. We further find that the court correctly applied CSSA to determine the amount of the child support award.

White, Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reversing so much thereof as awarded $9,380.27 in unpaid back taxes and municipal water charges, $53,951.55 in rents received and $8,782.18 in statutory interest; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.