■ In the Matter of JOHN G. DALLIN, Appellant, v SUSAN N. DALLIN, Respondent. [672 NYS2d 791] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Westchester County (Scancarelli, J.), entered April 15, 1997, which denied his objections to so much of an order of the same court (Mrsich, H.E.), entered February 10, 1997, as denied his application (a) for child support from the mother for support of the parties' daughter residing with him and (b) for downward modification of his child support obligation for his son Matthew who resides with

the mother, and (2) an order of the same court, entered April 21, 1997, which sustained the mother's objections to the order entered February 10, 1997, terminating his obligation to pay maintenance as of January 1, 1993, and directed him to pay $3,800 per month in maintenance to her, effective January 1, 1993.

Ordered that the orders are affirmed, with one bill of costs.

The Family Court properly rejected the father's claims that his financial situation, prolonged unemployment, and illnesses warranted a drastic reduction of his maintenance and child support obligations. The father has failed to produce any competent evidence to support his claim that he used his best efforts to obtain employment commensurate with his qualifications and experience (*see, Matter of Heverin v Sackel,* 239 AD2d 418; *Matter of Yepes v Fichera,* 230 AD2d 803) or that his medical conditions rendered him unemployable (*see, Matter of Reed v Reed,* 240 AD2d 951).

Further, under the circumstances of this case, the father is not entitled to child support from the mother on the ground that one of the parties' children has relocated to his residence (*see, Tuchrello v Tuchrello,* 204 AD2d 1020). O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.