■ In the Matter of ROLAND A. BLAISE, Appellant, v CAROLYN A. LOREMAN, Respondent. [684 NYS2d 354] —Cardona, P. J. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered December 30, 1997, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of a prior order of support.

The parties were divorced in 1993 and since that time much litigation has ensued regarding, inter alia, the issues of equitable distribution and child support for the parties' minor son. The instant matter arises out of petitioner's application to modify an order rendered by Supreme Court, entered April 10, 1996, which, inter alia, directed him to pay child support in the amount of $75 per week. That order was affirmed by this Court in Blaise v Blaise (241 AD2d 680). In its determination

of the amount of child support due from petitioner, Supreme Court imputed his weekly income at $450. According to the court's findings, this income is derived from petitioner's sale of used appliances, his operation of a janitorial and a laundry service (among whose clients are several area summer camps) and his ownership of a coin-operated laundromat. In the instant application for downward modification of the child support obligation imposed upon him by the prior order, petitioner contended that his income and earning potential had diminished since mid-July 1997, when respondent opened a laundromat in direct competition with his own. Family Court dismissed petitioner's application and this appeal ensued.

We affirm. Family Court has the authority to hear and determine applications to modify orders of child support rendered by Supreme Court upon a showing that the applicant's financial situation has changed sufficiently following entry of the prior order of support to justify modification thereof (*see*, Family Ct Act § 461 [b] [ii]). As we have previously noted, however, a court is under no constraint to accept a party's calculations relating to his financial situation, especially if the court is not persuaded that the figures presented are accurate (*see*, *Blaise v Blaise*, *supra*, at 682; *Matter of Mobley-Jennings v Dare*, 226 AD2d 730). In the instant matter, our review discloses that petitioner has failed to make a credible showing that his financial situation has changed sufficiently to warrant a downward modification of his child support obligation. Family Court's order dismissing the instant application is, accordingly, affirmed.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.