■ LARRY MELLEN, Appellant, v SHERI MELLEN, Respondent. [688 NYS2d 674] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (DiBlasi, J.), entered January 30, 1998, as (a) directed that he pay child support in the sum of $533 per week, (b) awarded child support arrears in the sum of $56,953 to the defendant wife and directed that he pay those arrears at the rate of $100 per week, and (c) directed that he pay the defendant wife $20,572.53 as a distributive award from his retirement plan.

Ordered that the judgment is modified by (1) deleting the seventh decretal paragraph thereof which, *inter alia*, awarded the defendant wife arrears of child support in the sum of $56,953, and (2) adding to the 58th decretal paragraph thereof, which directed the plaintiff to pay the defendant $20,572.53 as a distributive award from his retirement plan, a provision directing that the defendant's share of the plaintiff's retirement plan be transferred to her by a Qualified Domestic Relations Order; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a recalculation of child support arrears, taking into account the actual payments made by the plaintiff in accordance with an order of the Family Court, Westchester County, dated January 17, 1995, and the appropriate allocation between temporary maintenance and temporary child support.

Contrary to the plaintiff's contention, the Supreme Court properly determined that for purposes of calculating child support his actual income was higher than that reported on the parties' income tax return. "A court is not bound by a party's account of his [or her] finances, and when a party's account of his [or her] finances is not believable, the court is justified in finding an actual or potential income greater than that claimed" (*Matter of Mobly-Jennings v Dare,* 226 AD2d 730; *see*

*also, Matter of Blaise v Loreman,* 257 AD2d 976; *Brown v Brown,* 239 AD2d 535). It was also proper for the court to consider sums of money which the plaintiff received from his parents as income for purposes of determining the amount of his support obligation (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]; *Matter of Collins v Collins,* 241 AD2d 725, 727; *Tesler v Tesler,* 228 AD2d 491; *Lapkin v Lapkin,* 208 AD2d 474). In addition, the Supreme Court sufficiently articulated the basis for its decision to apply the child support percentage of the Child Support Standards Act (*see,* Domestic Relations Law § 240) to the combined parental income over $80,000 (*see, Matter of Cassano v Cassano,* 85 NY2d 649; *Klug v Klug,* 258 AD2d 624; *Matter of Lo Macchio v Lo Macchio,* 247 AD2d 539), and we perceive no basis to disturb its finding that application of the guidelines to income in excess of $80,000 is appropriate (*see,* Domestic Relations Law § 240 [1-b] [c] [2], [3]; [f]).

The court also properly directed that the plaintiff's child support obligation be made retroactive to December 7, 1994, the date upon which the defendant filed a motion for pendente lite relief (*see,* Domestic Relations Law § 236 [B] [7] [a]). However, while the application for temporary child support and maintenance was pending, a Family Court order required the plaintiff to make certain payments as unallocated support for the defendant and the children. These payments included rent for the marital apartment, up to $100 per month for certain utilities, and the sum of $125 per week. To the extent that these payments, made prior to the issuance of the pendente lite order, can be allocated to child support, the plaintiff should be permitted to offset such payments against accrued arrears (*see, Ferraro v Ferraro,* 257 AD2d 598; *Verdrager v Verdrager,* 230 AD2d 786). Accordingly, we remit this matter to the Supreme Court to determine the actual amount of these payments, and the appropriate allocation between maintenance and child support (*see, Grossman v Merke-Grossman,* 248 AD2d 670).

Since the purpose of awarding the defendant a distributive share of the plaintiff's Keogh plan was to allow her to provide for her own retirement, the transfer should be made by a Qualified Domestic Relations Order (*see, Behrens v Behrens,* 143 AD2d 617; *see also, Patricia B. v Steven B.,* 186 AD2d 609).

By decision and order of this Court dated April 20, 1998, the plaintiff's motion to deem his notice of appeal from an order dated January 23, 1998, a premature notice of appeal from the judgment entered January 30, 1998 was granted. On this appeal from the judgment, the plaintiff also seeks review of so much of that order as awarded the defendant an attorney's fee.

Since that portion of the order does not necessarily affect the judgment, which does not contain a provision directing the payment of an attorney's fee, it is not subject to such review (*see,* CPLR 5501 [a] [1]). In any event, had the portion of the order in question been subject to review, we would have found that the court did not improvidently exercise its discretion in awarding the defendant an attorney's fee (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879).

The plaintiff's remaining contentions are without merit. Mangano, P. J., Bracken, Krausman and Goldstein, JJ., concur.