In the Matter of SONYA EMERY, Respondent, v CRAIG BOND, Appellant. [703 NYS2d 788] —Order unanimously affirmed without costs. Memorandum: We reject the contention of respondent that the Hearing Examiner erred in calculating his child support obligation based upon an imputed income of $1,811.67 per month. "[A] court need not accept a party's account of his or her finances when that account is not believable * * * [and] a court has considerable discretion to attribute or impute an annual income to a parent * * * based upon his or her ability to earn sufficient means to pay child support" (*Blaise v Blaise*, 241 AD2d 680, 682; *see,* Family Ct Act § 413 [1] [b] [5] [iv]; *Matter of Mobley-Jennings v Dare*, 226 AD2d 730). Respondent failed to present any medical evidence supporting his contention that medical problems prevented him from working (*see, Matter of Susan M. v Louis N.,* 206 AD2d 612, 613). "[T]he Hearing Examiner was in the best position to hear and evaluate the evidence as well as the credibility of the witnesses" (*Matter of Susan M. v Louis N., supra,* at 614). The record supports the Hearing Examiner's conclusion that respondent is capable of earning at least $1,811.67 per month to meet his current personal and business needs (*see,* Family Ct Act § 413 [1] [b] [5] [v]; *see also, Matter of Mobley-Jennings v Dare, supra; Southwick v Southwick*, 202 AD2d 996, 998, *lv dismissed* 83 NY2d 1000).

We reject the contention of respondent that, because his expenses are being paid by his fiancée, the Hearing Examiner improperly shifted his child support obligation to her. The Hearing Examiner found that, despite his claimed disability, respondent is capable of earning enough money to pay those expenses (*cf., Matter of Weber v Coffey*, 230 AD2d 865). (Appeal from Order of Cattaraugus County Family Court, Nenno, J.—Support.) Present—Wisner, J. P., Pigott, Jr., Hurlbutt and Balio, JJ.