■ JENNIFER MITGANG, Respondent, v STEVEN I. MITGANG, Appellant. [726 NYS2d 462] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated June 27, 2000, as granted the plaintiff's motion to find him in contempt of court for failure to comply with a prior order of the same court, dated September 15, 1997, directing the payment of support, and (2) from stated portions of a judgment of the same court, entered March 23, 2001, which, *inter alia,* directed the payment of support and arrears. The notice of appeal from the order dated June 27, 2000, is deemed to be a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the order and judgment are affirmed insofar as appealed from, with costs.

The Supreme Court did not err in finding the defendant in contempt for failing to make pendente lite support payments in accordance with a prior court order. The defendant did not refute the plaintiff's showing that his failure to make the required payments was willful (*see, Matter of Jaffe v Jaffe,* 248 AD2d 471).

Additionally, "[i]n determining a party's child support obligation, a court need not rely upon the party's own account of his or her finances but may impute income based upon the party's past income or demonstrated earning potential" (*Phillips v Phillips,* 249 AD2d 527, 528). The defendant failed to provide evidentiary support, other than his own testimony, that he could not find employment commensurate with his prior income which, for the years prior to the divorce action averaged $133,716 (*see generally, Matter of Dallin v Dallin,* 250 AD2d 847). Accordingly, the Supreme Court providently exercised its discretion in imputing an income of $133,716 to the defendant and determining his child support obligation based upon that amount.

The defendant's remaining contentions are without merit. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.