■ WILLIAM P. CURRAN, Appellant-Respondent, v DEBRA CURRAN, Respondent-Appellant. [767 NYS2d 852]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Pines, J.), entered July 2, 2002, as, after a nonjury trial, ordered him to pay child support in the sum of $356.18 per week based on imputed income of $76,000 per year, and failed to deduct from that imputed income the amount he was obligated to pay in support of his child born out of wedlock, failed to grant him a distributive award, and granted the defendant wife's application for an attorney's fee, and the defendant wife cross-appeals from the same judgment.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

In determining a party's child support obligation, a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential (*see Rocanello v Rocanello,* 254 AD2d 269 [1998]). The plaintiff failed to provide evidentiary support, other than his own testimony, that he could not find employment commensurate with his prior income of $76,109, or that he was no longer able to engage in work equivalent to his former employment as a result of a disability (*see generally Mitgang v Mitgang,* 284 AD2d 510, 511 [2001]; *Matter of Dallin v Dallin,* 250 AD2d 847, 848 [1998]).

When calculating the basic child support obligation pursuant to Domestic Relations Law § 240 (1-b) (b) (5), a court must deduct various items from a parent's income, including child support that is "actually paid pursuant to court order or written agreement" for a child not the subject of the pending action (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [D]). However, in this case, there was no evidence that the plaintiff actually paid child support to the custodial parent of his child born out of wedlock pursuant to an order of support which was obtained with his consent two months prior to the trial in this action.

The plaintiff's contention that the defendant's application for an attorney's fee was untimely is unpreserved for appellate review, and in any event, is without merit.

The plaintiff's remaining contentions are without merit. McGinity, J.P., Luciano, Schmidt and Rivera, JJ., concur.