Matter of Snyder v Snyder (2004 NY Slip Op 50019(U))

[*1]

Matter of Snyder v Snyder

2004 NY Slip Op 50019(U)

Decided on January 8, 2004

Family Court, Monroe County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2004

Family Court, Monroe County
In the Matter of a Proceeding Brought Under 
 Article 4 of the Family Court Act MARK SNYDER, Petitioner,
against
KAREN SNYDER, Respondent.
DOCKET NO. F 01908-03/03A

Mark Snyder, pro se (hearing)
Karen Snyder, pro se (hearing and objection)

MARILYN L. O'CONNOR, J.:
Karen Snyder filed an objection to the Findings of Fact and Conclusions of Law and Order signed October 8, 2003, by the Support Magistrate and based on the September 17, 2003 hearing. There was no rebuttal. Both parties were unrepresented at the hearing, which was primarily conducted through direct questioning by the Support Magistrate.The Court has reviewed the objection, pleadings, the digitally-recorded hearing, the file and the order, and the Court finds that the order is erroneous as a matter of law. The Support Magistrate should have refused to reduce child support at petitioner's request because of his "former resources or income" (Family Court Act, § 413[1][b][5]) and his failure to prove he could not obtain comparable work. The contention of respondent that the Support Magistrate erred in modifying petitioner's child support obligation simply because he was terminated is correct. The petitioner offered no credible evidence that he could not get reasonable employment after being laid off. He testified, "Whenever I get a chance I am out looking", without giving any particulars except that he was looking for work in the insurance and construction industries. The fact that he testified he was looking for construction work undermines his other testimony that he has health problems, including back and foot problem, which he offered, with no supporting medical evidence, as a reason for his failure to find work. At one point the petitioner actually stated "I could have got my job back but due to her pursuing this . . ." at which point he was interrupted in his statement by the Support Magistrate. There was never any follow-up on this significant comment by petitioner, despite respondent's desperate need for child support and her testimony that she could not understand how a man who previously had two jobs "now has none".[FN1] As stated by the [*2]Fourth Department in Emery v. Bond (269 AD2d 832),
[A] court need not accept a party's account of his or her finances when that account is not believable ... [and] a court has considerable discretion to attribute or impute an annual income to a parent ... based upon his or her ability to earn sufficient means to pay child support" ( Blaise v Blaise, 241 AD2d 680, 682; see, Family Ct Act § 413 [1] [b] [5] [iv]; Matter of Mobley-Jennings v Dare, 226 AD2d 730).
See also Curran v Curran, 767 NYS2d 852; Rocanello v Rocanello, 254 AD2d 269). 
Since respondent failed to provide evidentiary support, other than his own testimony, that he could not find employment commensurate with his prior income or that he was no longer able to engage in work equivalent to his former employment, his case for a downward modification is not persuasive 
(see generally Mitgang v Mitgang, 284 AD2d 510, 511; Dallin v Dallin, 250 AD2d 847, 848, stating "The father has failed to produce any competent evidence to support his claim that he used his best efforts to obtain employment commensurate with his qualifications and experience"). Accordingly, the Order signed by the Support Magistrate must be vacated and the former child support order reinstated.
NOW THEREFORE, it is
ORDERED that the October 8, 2003 order of the Support Magistrate reducing child support is vacated and the prior order of $156 per week child support as set forth in the Judgment of Divorce is reinstated.
Signed January 8, 2004, at Rochester, New York.
 E N T E R : MARILYN L. O'CONNOR
FAMILY COURT JUDGE
NOTICE: Pursuant to section 1113 of the Family Court Act, an appeal must be taken within thirty days of receipt of the order by appellant in court, thirty-five days from the mailing of the order to the appellant by the clerk of the court, or thirty days after service by a party or law guardian upon the appellant, whichever is earliest.
 MAILED: Mark Snyder, Karen Snyder 
 
[*3]
Decision Date: January 08, 2004

Footnotes

Footnote 1: Petitioner submitted a Verizon wireless letter indicating he was laid off as a result of "a permanent closure of the Customer Financial Services and Telemarketing departments at the Calkins Road location" though he stated in contract at the hearing he had a doctor's report as to getting laid off from Verizon. No doctor's report, or other medical evidence, was even proferred.