■ CAROL ROCANELLO, Appellant, v FRANK ROCANELLO, Respondent. [678 NYS2d 385] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Rockland County (Miller, J.), dated July 21, 1997, which, *inter alia*, denied her an award of maintenance.

Ordered that the judgment is modified by deleting the provision thereof denying the plaintiff an award of maintenance and substituting therefor a provision directing the defendant to pay to the plaintiff the sum of $100 per week as maintenance for a period of four years; as so modified, the judgment is affirmed insofar as appealed from, with costs payable to the plaintiff.

In determining a party's maintenance or child support obligation, a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential (*see, Brown v Brown*, 239 AD2d 535). Here, the Supreme Court should have imputed additional income to the defendant in determining whether to award the plaintiff maintenance based upon his past demonstrated earning capacity. Therefore, we modify the judgment accordingly.

The wife's remaining contentions are without merit. Miller, J. P., Sullivan, Friedmann and McGinity, JJ., concur.

■ MARIA RODRIGUEZ, Appellant, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Respondents. [678 NYS2d 288] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated August 28, 1997, which, *inter alia*, granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In response to the defendants' prima facie showing of entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact that the defendants breached a duty to her or that the breaches alleged were a proximate cause of her injuries (*see, Miller v Fernan*, 73 NY2d 844; *Shahzaman v Green Bus Lines Co.*, 214 AD2d 722; *Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, *affd* 72 NY2d 888). Bracken, J. P., Ritter, Thompson and Krausman, JJ., concur.