THEODORE ROHRS, Appellant, v MARY A. ROHRS, Respondent. [746 NYS2d 305]

The Supreme Court properly imputed income to the plaintiff from his house-painting business. That court properly found that the plaintiff's testimony with respect to this income was incredible. A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed (*see Matter of Thomas v DeFalco,* 270 AD2d 277).

In calculating the plaintiff's child support obligation, the Supreme Court failed to comply with Domestic Relations Law § 240 (1-b) (b) (5) (vii) (C), by reducing the plaintiff's income by the amount of maintenance paid to the defendant before determining his child support obligation and directing a concomitant increase in the child support obligation upon the termination of the maintenance obligation (*see Frei v Pearson,* 244 AD2d 454; *Lekutanaj v Lekutanaj,* 234 AD2d 429; *Polychronopoulos v Polychronopoulos,* 226 AD2d 354).

The Supreme Court properly directed the plaintiff to pay a proportionate share of the children's educational expenses. However, we agree with the plaintiff that it was error to do so without including a provision reducing the plaintiff's level of basic child support for the elder child, for the period she is away from home and at college, by the amount he contributes for her room and board while at college (*see Jablonski v Jablonski,* 275 AD2d 692; *Sheridan v Sperber,* 269 AD2d 439; *Guiry v Guiry,* 159 AD2d 556). We further note that considering the age of the parties' younger child, an award for child care expenses is inappropriate.

Further, the trial court failed to set forth the basis for applying the child support percentage to the parental income in excess of $80,000. While the statute explicitly vests discretion in the court to apply the stated percentage to income over $80,000, rather than apply the factors set forth in Domestic Relations Law § 240 (1-b) (f), the exercise of discretion is subject to review for abuse, and "some record articulation of the reasons for the court's choice to apply the percentage is necessary to facilitate that review" (*Matter of Cassano v Cassano,* 85 NY2d 649, 655). In addition, the Supreme Court improperly failed to deduct New York City income taxes when calculating parental income (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [G]).

The plaintiff's remaining contentions are without merit. Goldstein, J.P., McGinity, Adams and Townes, JJ., concur.