■ MARCIA K. GLEICHER, Respondent, v DAVID GLEICHER, Appellant. [756 NYS2d 624] —In a matrimonial action in which the parties were divorced by judgment dated March 12, 2001, the defendant father appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Friedenberg, J.H.O.), dated December 12, 2001, as directed him to pay the plaintiff mother child support in the sum of $2,687 per month. Justice Howard Miller has been substituted for the late Justice O'Brien (see 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the father's contention, he waived any argument concerning mediation of the child support issue. The father consented to the court's adjudication of the issue of child support, including the court's calculation of child support pursuant to the Child Support Standards Act (hereinafter the CSSA).

Article V (1) (c) of the parties' separation agreement does not mandate that the father's child support obligation be calculated solely by considering his tax returns. This article does not set forth an exhaustive list of documents and factors that the court can use to calculate the father's income. Here, the father failed to comply with his responsibilities under the parties' separation agreement to provide the mother with his financial documents, as required by article V (1) (c), to aid in calculating his income for child support purposes. Since the father attempted to hide income and provided less than credible testimony and

evidentiary submissions concerning his actual income, the court did not have to rely on his account of his finances and properly imputed income to him (*see Walker v Walker,* 289 AD2d 225 [2001]; *Zabezhanskaya v Dinhofer,* 274 AD2d 476 [2000]).

The Supreme Court providently exercised its discretion in precluding testimony and evidentiary submissions regarding the father's business expenditures since he wilfully violated discovery orders (*see* CPLR 3126; *Caccioppoli v Long Is. Jewish Med. Ctr.,* 271 AD2d 565 [2000]; *Matter of Cicardi v Cicardi,* 267 AD2d 784 [1999]; *Kingsley v Kantor,* 265 AD2d 529 [1999]; *see also La Porte v La Porte,* 263 AD2d 585 [1999]; *Faber v Faber,* 206 AD2d 644 [1994]).

The Supreme Court properly applied the CSSA guidelines to that portion of the combined parental income of the parties which exceeded $80,000 (*see Matter of Cassano v Cassano,* 85 NY2d 649 [1995]; *cf. Pauk v Pauk,* 232 AD2d 386 [1996]). Ritter, J.P., Feuerstein, Luciano and H. Miller, JJ., concur.