■. ELEFERIOS LILIKAKIS, Appellant-Respondent, v HELEN LILIKAKIS, Respondent-Appellant. [764 NYS2d 206] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Kings County (G. Garson, J.), dated January 29, 2002, which, after a nonjury trial, inter alia, imputed income to him for the purpose of calculating his child support obligation, awarded the defendant wife maintenance in the sum of $300 per week for a period of one year, and granted the defendant's application for an award of an attorney's fee, and the defendant wife cross-appeals, as limited by her brief, from so much of the same judgment as awarded her only $185 per week in child support, and only $300 per week in maintenance for a period of one year.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the husband's contention, the Supreme Court properly imputed income to him (*see Rohrs v Rohrs,* 297 AD2d 317 [2002]). "A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed" (*Matter of Thomas v DeFalco,* 270 AD2d 277, 278 [2000]; *see also Rohrs v Rohrs, supra).* Further, the award of an attorney's fee to the wife was proper (*see Merzon v Merzon,* 210 AD2d 462 [1994]).

Contrary to the wife's contention, the amount and the duration of the award of maintenance were proper (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879 [1987]; *Calvaruso v Calvaruso,* 276 AD2d 578 [2000]; *Morrissey v Morrissey,* 259 AD2d 472 [1999]).

The parties' remaining contentions either are unpreserved for appellate review or without merit. Ritter, J.P., S. Miller, Luciano and H. Miller, JJ., concur.