■ RITA M. PERI, Respondent, v SALVATORE PERI, Appellant.
[767 NYS2d 846]—

In an action for a divorce and ancillary relief, the defendant

appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Pudalov, J.H.O.), entered September 25, 2002, as, after a nonjury trial, (1) awarded the plaintiff child support in the sum of $150 per week, (2) awarded the plaintiff nondurational maintenance in the sum of $250 per week, (3) directed him to obtain a life insurance policy for the irrevocable benefit of the plaintiff, as trustee for the children, in the sum of $150,000 until the oldest child reaches the age of 21 and thereafter in the sum of $75,000 until the youngest child reaches the age of 21, (4) directed him to obtain a life insurance policy for the irrevocable benefit of the plaintiff for the duration of his maintenance obligation, (5) directed him to enroll the children in Empire HealthChoice Medical Plan, (6) directed him to pay 59% of all unreimbursed medical expenses of the children, (7) awarded the plaintiff an attorney's fee in the sum of $15,000, and (8) failed to credit him for child support arrears in the sum of $15,363.48.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the Supreme Court properly awarded nondurational maintenance to the plaintiff (*see Mazzone v Mazzone,* 290 AD2d 495, 496 [2002]; *Liadis v Liadis,* 207 AD2d 331 [1994]). Here, the plaintiff established that she suffered from a brain abnormality resulting from herpes simplex encephalitis which caused her to leave her previous profession as a salesperson. She is disabled to the extent that she collects Social Security Disability based on her illness and adequately demonstrated that she is unable to return to her previous profession or perform any meaningful full-time employment. In addition, since the defendant attempted to hide income and provided less than credible testimony and evidentiary submissions regarding his actual income, the court was not required to accept his account of his finances and properly imputed income to him (*see Gleicher v Gleicher,* 303 AD2d 549, 549-550 [2003]).

The Supreme Court also properly ordered the defendant to provide life insurance for the irrevocable benefit of the wife and children so that they will be adequately protected (*see* Domestic Relations Law § 236 [B] [8] [a]; *Hartog v Hartog,* 85 NY2d 36, 50 [1995]). Contrary to the defendant's contention, he failed to establish, solely on the basis of having previously suffered a heart attack, that he is uninsurable (*see Hartog v Hartog, supra* at 50). In addition, the Supreme Court properly directed the defendant to provide medical insurance for the children under the same medical plan as that provided to him by his employer (*see*

Domestic Relations Law § 236 [B] [8] [a]). Moreover, the Supreme Court properly carried forward the calculation it used in determining the defendant's pro rata share of the basic child support obligation which was based upon his imputed income in determining his pro rata share of the children's unreimbursed medical expenses. Accordingly, the Supreme Court properly directed him to pay 59% of those expenses since his imputed adjusted gross income of $37,793 is 59% of the combined parental income for child support purposes of $64,378.

The Supreme Court providently exercised its discretion in awarding the plaintiff an attorney's fee in the sum of $15,000 (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Ferina v Ferina,* 286 AD2d 472, 475 [2001]).

The defendant's remaining contentions are without merit. McGinity, J.P., Luciano, Schmidt and Rivera, JJ., concur.