■ In the Matter of KRISTY HELEN T., Respondent, v RICHARD F.G., JR., Appellant. [794 NYS2d 92]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Klein, J.), dated July 7, 2004, which denied his objections to an order of the same court (James, S.M.), dated April 29, 2004, which, after a hearing, inter alia, directed him to pay child support in the sum of $289 per week.

Ordered that the matter is remitted to the Family Court, Westchester County, to set forth the factors considered and the reasons for its determination with respect to the father's adjusted gross income in accordance herewith, and the appeal is held in abeyance in the interim. The Family Court, Westchester County, shall file its report with all convenient speed.

Upon review of the order and findings of fact of the Support Magistrate, it is evident that she imputed income to the father

in calculating his basic support obligation pursuant to the Child Support Standards Act. A Support Magistrate is permitted to impute income in calculating a support obligation where it finds that a party's account of his or her finances is not credible (*see Peri v Peri,* 2 AD3d 425, 427 [2003]; *Lilikakis v Lilikakis,* 308 AD2d 435, 436 [2003]; *Gleicher v Gleicher,* 303 AD2d 549, 549-550 [2003]; *Rohrs v Rohrs,* 297 AD2d 317, 318 [2002]). However, in exercising the discretion to impute income to a party, a Support Magistrate is required to provide a clear record of the source from which the income is imputed and the reasons for such imputation (*see Matter of Wienands v Hedlund,* 305 AD2d 692, 693 [2003]; *Rohrs v Rohrs, supra; Matter of Sweedan v Baglio,* 269 AD2d 724, 725-726 [2000]). In the case at bar, the Support Magistrate failed to specify the sources of income imputed and the actual dollar amount assigned to each category. Accordingly, the record is not sufficiently developed to permit appellate review. The matter is remitted to the Support Magistrate to specify the sources of income imputed and the actual dollar amount assigned to each category, and the appeal is held in abeyance pending receipt of the report. Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.