■ In the Matter of KURT WESTENBERGER, Appellant, v ROSALIE WESTENBERGER, Respondent. (Proceeding Nos. 1 and 2.) In the Matter of ROSALIE WESTENBERGER, Respondent, v KURT WESTENBERGER, Appellant. (Proceeding Nos. 3 and 4.) [806 NYS2d 665]—

In related child support proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Marks, J.), dated April 14, 2004, which denied his objections to an order of the same court (Dwyer, H.E.) dated March 25, 2003, which, after a hearing, inter alia, directed him to pay child support in the sum of $141 per week for two of the parties' children and arrears in the sum of $8,565.25.

Ordered that the order is affirmed, without costs or disbursements.

The appellant's contention that the hearing examiner erroneously imputed income to him for the purpose of calculating his child support obligation is without merit. In determining a party's child support obligation, "a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*Rocanello v Rocanello,* 254 AD2d 269 [1998]; *see Curran v Curran,* 2 AD3d 391 [2003]). This is particularly true when, as here, the record supports a finding that the appellant's reported income on his tax return is suspect (*see Ivani*

*v Ivani*, 303 AD2d 639 [2003]; *Matter of Graves v Smith*, 284 AD2d 332, 333 [2001]; *see also Matter of Hurd v Hurd*, 303 AD2d 928 [2003]).

The appellant's remaining contentions are without merit. H. Miller, J.P., Luciano, Fisher and Covello, JJ., concur.