■ In the Matter of DIANE GENENDER, Respondent, v BENJAMIN GENENDER, Appellant. [836 NYS2d 291]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Woods, J.), entered May 24, 2006, which denied his objections to an order of the same court (Hochberg, S.M.), entered March 28, 2006, which, after a hearing, directed him, inter alia, to pay child support in the sum of $327 per week.

Ordered that the matter is remitted to the Family Court, Orange County (Hochberg, S.M.), to report on the specific sources of income imputed, the actual dollar amount assigned to each category, and the resultant calculations pursuant to Family Court Act § 413 (1) (c), and the appeal is held in abeyance in the interim. The Family Court, Orange County, is to file its report with all convenient speed.

Upon review of the order and findings of fact of the Support Magistrate, it is evident that he imputed income to the father in calculating his basic support obligation pursuant to the Child

Support Standards Act. A Support Magistrate is permitted to impute income in calculating a support obligation where he or she finds that the party's account of his or her finances is not credible or is suspect (*see Matter of Westenberger v Westenberger,* 23 AD3d 571 [2005]; *Peri v Peri,* 2 AD3d 425, 426 [2003]; *Lilikakis v Lilikakis,* 308 AD2d 435, 436 [2003]; *Rohrs v Rohrs,* 297 AD2d 317, 318 [2002]). "However, in exercising the discretion to impute income to a party, a Support Magistrate is required to provide a clear record of the source from which the income is imputed and the reasons for such imputation," and the resultant calculations (*Matter of Kristy Helen T. v Richard F.G.,* 17 AD3d 684, 685 [2005]; *see* Family Ct Act § 413 [1] [c]; *Matter of Wienands v Hedlund,* 305 AD2d 692, 693 [2003]; *Matter of Sweedan v Baglio,* 269 AD2d 724, 725-726 [2000]). In the case at bar, the Support Magistrate failed to specify the sources of income imputed, the actual dollar amount assigned to each category, and the resultant calculations. The record is, thus, not sufficiently developed to permit intelligent appellate review. Accordingly, the matter must be remitted to the Family Court to provide this information, and the appeal will be held in abeyance pending receipt of the report. Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.