■ In the Matter of LAURIE C. AMBROSE, Respondent, v SALVATORE P. FELICE, Appellant. [845 NYS2d 411]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Luft, J.), dated December 6, 2006, which denied his objections to an order of the same court (Sherman, S.M.), dated September 20, 2006, which, after a hearing, inter alia, determined that the mother was the custodial parent for child support purposes and fixed his child support obligation in the sum of $150 per week retroactive to April 13, 2006, and increased his child support obligation to the sum of $175 per week, effective October 6, 2006.

Ordered that the order dated December 6, 2006 is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying the father's objection to so much of the order dated September 20, 2006 as fixed his child support obligation in the sum of $150 per week retroactive to April 13, 2006, and increased his child support obligation to the sum of $175 per week, effective October 6, 2006, and substituting therefor a provision sustaining that objection, and vacating that provision of the order dated September 20, 2006; as so modified, the order dated December 6, 2006 is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a de novo determination of the appropriate amount, if any, of the father's child support obligation.

The Family Court correctly determined that the mother had physical custody of the parties' minor child for a majority of the time and therefore was the custodial parent for child support purposes (*see Bast v Rossoff*, 91 NY2d 723 [1998]). Thus, the Family Court properly denied the father's objection to this determination by the Support Magistrate. However, the Support Magistrate erred in its calculation of the parties' respective incomes.

While a support magistrate " 'is afforded considerable discretion in determining whether to impute income to a parent' " (*Matter of Thompson v Perez*, 42 AD3d 503, 504 [2007], quoting *Matter of Hurd v Hurd*, 303 AD2d 928 [2003]), a determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion (*see Matter of Bianchi v Breakell*, 23 AD3d 947 [2005]; *Goudreau v Goudreau*, 283 AD2d 684 [2001]; *Matter of Weber v Coffey*, 230 AD2d 865 [1996]; *Matter of Monroe County Dept. of Social Servs. v Bennett*, 178 AD2d 974

[1991]). Here, the Support Magistrate's imputation of $3,840 in rental income to the father is not supported by the record. The father testified that he and his partners purchased the property during the prior year and that rental payments did not cover the mortgage. This testimony was supported by the father's tax returns as well as documents from the US Department of Housing and Urban Development. Accordingly, the imputation of rental income was improper. Further, in imputing income to the father for his personal use of business assets (see Family Ct Act § 413 [1] [b] [5] [iv] [B]), the Support Magistrate incorrectly attributed income to the father's personal cellular phone. As the Support Magistrate failed to specify "the actual dollar amount assigned to each category, and the resultant calculations," we cannot determine how much of the imputed income resulted from this error (Matter of Genender v Genender, 40 AD3d 994 [2007]).

As for the mother's income, the mother testified that her father covered certain of her expenses, including her car payments, automobile insurance, and cellular phone service, but did not know the monthly value of those payments. Under the circumstances of this case, it was an improvident exercise of discretion to fail to impute any income to the mother for these significant expenses covered by a relative (see Family Ct Act § 413 [1] [b] [5] [iv] [D]).

Accordingly, the matter must be remitted to the Family Court for a de novo determination of the parties' incomes and the appropriate amount, if any, of child support to be paid by the father.

The father's remaining contentions are, in part, unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.