In the Matter of DANIELLE L. BIBICOFF, Respondent, v NICHOLAS ORFANAKIS, Appellant. [852 NYS2d 324]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Grella, J.), dated February 14, 2007, which denied his objection to an order of the same court (Dwyer, S.M.), dated December 18, 2006, granting, after a hearing, the mother's petition for an upward modification of his child support obligation as set forth in a prior support order dated March 29, 2005, and increasing his child support obligation from the sum of $75 per week to the sum of $195 per week.

Ordered that the order dated February 14, 2007 is affirmed, with costs.

The unmarried parties' daughter was born on February 25, 2005. Shortly thereafter, pursuant to a support order dated March 29, 2005, the father began paying the mother the sum of $75 per week in child support. On October 24, 2006 the mother

filed a petition to modify the support order on the ground, inter alia, that she was now working and had additional expenses for child care. A hearing was held before a Support Magistrate. When the mother advised the Support Magistrate that she wished to withdraw the petition, the Support Magistrate explained that, if she did so, she would no longer receive any subsidy from the Department of Social Services, and the parties would be responsible for paying the entire cost of day care themselves. The father testified that he worked for his own father selling cars, for which he was paid the sum of approximately $175 per week. The court imputed annual income of $25,000 to the father and issued an order finding that the parties had voluntarily stipulated to child support, payable by the father to the mother, in the sum of $195 per week, representing a basic child support obligation in the sum of $75 per week, and an obligation in the sum of $120 per week for child care expenses. The father filed objections to the order, asserting, inter alia, that he had not consented to the order and that there was no basis for imputing to him income of $25,000. The Family Court denied the objections. We affirm.

"A support magistrate is afforded considerable discretion in determining whether to impute income to a parent . . . and that determination may properly be based upon a parent's prior employment experience . . . or the income such parent is capable of earning by honest efforts, given his [or her] education and opportunities" (*Matter of Thompson v Perez*, 42 AD3d 503, 504 [2007], *lv denied* 9 NY3d 818 [2008] [internal quotation marks and citations omitted]; *see Matter of Strella v Ferro*, 42 AD3d 544 [2007]; *Matter of Genender v Genender*, 40 AD3d 994 [2007]; *Matter of Kristy Helen T. v Richard F.G.*, 17 AD3d 684, 685 [2005]).

Here, the Support Magistrate properly imputed to the father annual income of $25,000 based on his 2004 income tax return, which indicated that he earned the sum $15,960 for what he testified was approximately six months of work. The father states in his brief that he has no skills and no ability to do any work other than that which he is now doing, but he submitted no evidence at the hearing that he is not capable of earning more than the sum of $175 per week that his father pays him to sell cars three or four days per week. Rather, it appears from the record that, since 2004, when the father was working for National Maintenance, Inc., and going to college, he failed to make any attempt to find a higher-paying job or to continue his education. Under these circumstances, the Support Magistrate providently exercised her discretion in imputing to the father

annual income of $25,000 (*see Matter of Strella v Ferro*, 42 AD3d 544 [2007]; *Hodges v Hodges*, 35 AD3d 370 [2006]; *Curran v Curran*, 2 AD3d 391 [2003]).

Contrary to the father's expressed understanding, as set forth in his submissions to the Family Court and at the hearing, his consent was not necessary for the court to grant the mother's petition for an upward modification of his child support obligation. The mother established the requisite change in circumstances by proof that she had begun to work, and that the child was in daycare. Pursuant to Family Court Act § 413 (1) (c) (4), the father is responsible for his share of that expense, to be "computed by prorating the parent's income to the combined parental income" (*Matter of D'Avanzo v Papa*, 18 AD3d 658, 659 [2005]), with or without his consent. Based on his imputed income of $25,000, the Support Magistrate properly calculated the father's pro rata share of the child care expense to be the sum of $120 per week, in addition to the sum of $75 per week of basic child support previously agreed to by the parties.

The father's remaining contention is not properly before this Court. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.