■ In the Matter of JOAN BARNETT, Respondent, v FRANCES STEPHEN RUOTOLO, Appellant. [854 NYS2d 155]—

A Support Magistrate is permitted to impute income in calculating a support obligation where he or she finds that a party's account of their finances is not credible or suspect (*see DeVries v DeVries,* 35 AD3d 794 [2006]; *Matter of Westenberger v Westenberger,* 23 AD3d 571 [2005]; *Peri v Peri,* 2 AD3d 425 [2003]; *Lilikakis v Lilikakis,* 308 AD2d 435 [2003]). "However, in exercising the discretion to impute income to a party, a Support Magistrate is required to provide a clear record of the source from which the income is imputed and the reasons for such imputation" (*Matter of Kristy Helen T. v Richard F.G.,* 17 AD3d 684, 685 [2005]).

Here, the father did not testify and chose to rely on the financial documentation he had submitted, which contained considerable discrepancies. The father's financial documentation indicated that his monthly income was only approximately

one third of his stated monthly expenses, and no evidence was submitted to show that these monthly expenses were not being paid in a timely manner. Accordingly, the Family Court did not improvidently exercise its discretion in imputing income based upon the father's self-reported financial affidavit for the purpose of calculating his child support obligation (*see Matter of Strella v Ferro,* 42 AD3d 544 [2007]; *Pulver v Pulver,* 40 AD3d 1315 [2007]; *Askew v Askew,* 268 AD2d 635 [2000]). Mastro, J.P., Florio, Miller and Dickerson, JJ., concur.