In the Matter of HELMA J. GRAVENESE, Respondent, v PAUL M. MARCHESE, Appellant. [870 NYS2d 444]—

The Family Court previously granted the father's petition for a downward modification of his child support obligation, which had been set in a settlement agreement that was incorporated, but not merged, into the parties' judgment of divorce. The father's support obligation was modified to the sum of $50 a month on the basis of the dissolution of his business which occurred through no fault of his own. The downward modification was affirmed by this Court (*see Matter of Marchese v Marchese,* 11 AD3d 546 [2004]). The mother subsequently petitioned for an upward modification of the father's child support obligation, alleging there had been a substantial change in circumstances.

"When a party seeks to modify the child support provision of a prior order or judgment, he or she must demonstrate a substantial change in circumstance. It is the burden of the moving party to establish the change in circumstance warranting the modification. In determining whether there has been a substantial change in circumstances, the change is measured by

comparing the payor's financial situation at the time of the application for a . . . modification with that at the time of the order or judgment" (*Matter of Talty v Talty,* 42 AD3d 546, 547 [2007] [internal quotation marks and citations omitted]; *see also Matter of Nieves-Ford v Gordon,* 47 AD3d 936 [2008]; *Matter of Heyward v Goldman,* 23 AD3d 468 [2005]; *McMahon v McMahon,* 19 AD3d 464 [2005]).

In order for the Support Magistrate to have determined that there was a substantial change in circumstances on this record, there must have been an imputation of income or financial ability to the father. A Support Magistrate has considerable discretion in determining whether to impute income to a parent (*see Matter of Genender v Genender,* 51 AD3d 669 [2008]). Where the Support Magistrate determines that a parent's account of his or her finances or ability to pay is not credible, the Support Magistrate may impute a higher true or potential income (*see Matter of Maharaj-Ellis v Laroche,* 54 AD3d 677 [2008]; *Matter of Kristy Helen T. v Richard F.G.,* 17 AD3d 684 [2005]). " 'However, in exercising the discretion to impute income to a party, a Support Magistrate is required to provide a clear record of the source from which the income is imputed and the reasons for such imputation' " (*Matter of Barnett v Ruotolo,* 49 AD3d 640, 640 [2008] [citation omitted]; *see also Matter of Genender v Genender,* 40 AD3d 994 [2007]). A sufficient record is necessary as the imputation of income "will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion" (*Matter of Ambrose v Felice,* 45 AD3d 581, 582 [2007]). Here, the Support Magistrate did not specify the amount of income imputed to the father, did not specify the source from which such income might have been derived, and failed to give any reason for the imputation of income.

As there were other errors made in the determination of the petition, the matter may not be remitted simply for the Support Magistrate to specify the omitted information. The assertion of the father in a visitation proceeding that he was ready to resume parental responsibilities did not establish that he had the means to pay the child support ordered by the Support Magistrate. The Support Magistrate also erred in determining that the father's support obligation should be the sum originally provided for in the settlement agreement that was incorporated into the judgment of divorce. That agreement clearly provides that the "Child Support Guidelines" would be applied if the father was no longer employed by a certain named entity or a similar enterprise. The record shows that the father is employed on a part-time basis by his father's business.

Accordingly, we remit the matter to the Family Court, Nassau County, for a de novo determination of the mother's petition for an upward modification. If the mother is able to establish that the father's true or potential income is such that there has been a substantial change in circumstances, the father's support obligation shall be determined by the application of the Child Support Standards Act to the combined parental income. Mastro, J.P., Angiolillo, Carni and Eng, JJ., concur.