■ In the Matter of EVELIN SENA, Respondent, v JEOVANNI SENA, Appellant. [878 NYS2d 759]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Westchester County (Klein, J.), dated January 15, 2008, as denied his objections to an order of the same court (Hochberg, S.M.), dated September 11, 2007, inter alia, directing him to pay the sum of $125 per week in child support and $72 per week for child care, and (2) from an order of the same court (Malone, J.), dated August 7, 2008, which denied his objections to an order of the same court (Hochberg, S.M.), dated February 13, 2008, which, upon reconsideration, adhered to its determination in the order dated September 11, 2007.

Ordered that the matter is remitted to the Family Court,

Westchester County (Hochberg, S.M.), to report on the specific sources of income imputed, the actual dollar amount assigned to each category, and the resultant calculations pursuant to Family Court Act § 413 (1) (c), and the appeals are held in abeyance in the interim. The Family Court, Westchester County, shall file its report with all convenient speed.

Upon review of the order dated September 11, 2007, and findings of fact of the Support Magistrate, it is evident that he imputed income to the father in calculating the father's basic support obligation pursuant to the Child Support Standards Act. A Support Magistrate is permitted to impute income in calculating a support obligation where he or she finds that the party's account of his or her finances is not credible or is suspect (*see Matter of Genender v Genender*, 40 AD3d 994, 995 [2007]; *Matter of Westenberger v Westenberger*, 23 AD3d 571 [2005]; *Peri v Peri*, 2 AD3d 425, 427 [2003]; *Lilikakis v Lilikakis*, 308 AD2d 435, 436 [2003]; *Rohrs v Rohrs*, 297 AD2d 317, 318 [2002]). "However, in exercising the discretion to impute income to a party, a Support Magistrate is required to provide a clear record of the source from which the income is imputed and the reasons for such imputation," and the resultant calculations (*Matter of Kristy Helen T. v Richard F.G.*, 17 AD3d 684, 685 [2005]; *see* Family Ct Act § 413 [1] [c]; *Matter of Genender v Genender*, 40 AD3d at 995; *Matter of Wienands v Hedlund*, 305 AD2d 692, 693 [2003]; *Matter of Sweedan v Baglio*, 269 AD2d 724, 725-726 [2000]). In the case at bar, the Support Magistrate failed to specify the sources of income imputed, the actual dollar amount assigned to each category, and the resultant calculations. The record thus is not sufficiently developed to permit appellate review. Accordingly, the matter must be remitted to the Family Court, Westchester County (Hochberg, S.M.) to provide this information, and the appeals must be held in abeyance pending receipt by this Court of the report. Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.