In the Matter of EVELIN SENA, Respondent, v JEOVANNI SENA, Appellant. [885 NYS2d 738]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Westchester County (Klein, J.), dated January 15, 2008, as denied his objections to an order of the same court (Hochberg, S.M.), dated September 11, 2007, inter alia, directing him to pay the sum of $125 per week in child support and the sum of $72 per week for child care, and (2) from an order of the same court (Malone, J.), dated August 7, 2008, which denied his objections to an order of the same court (Hochberg, S.M.), dated February 13, 2008, which, upon reconsideration, adhered to its determination in the order dated September 11, 2007. By decision and order of this Court dated April 28, 2009, the appeals were held in abeyance and the matter was remitted to the Family Court, Westchester County, to report on the specific sources of income imputed, the actual dollar amount assigned to each category, and the resultant calculations pursuant to Family Court Act § 413 (1) (c), and the appeals were held in abeyance in the interim (*see Matter of Sena v Sena*, 61 AD3d 980 [2009]). The Family Court, Westchester County, has filed its report.

Ordered that the order dated January 15, 2008 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated August 7, 2008 is affirmed, without costs or disbursements.

A Support Magistrate may properly impute income in calculat-

ing a support obligation where he or she finds that a party's account of his or her finances is not credible or is suspect (*see Matter of Barnett v Ruotolo*, 49 AD3d 640 [2008]; *Matter of Westenberger v Westenberger*, 23 AD3d 571 [2005]; *Peri v Peri*, 2 AD3d 425, 426 [2003]).

Here, the Family Court providently exercised its discretion in imputing income to the father for the purpose of calculating his child support and child care obligations (*see Matter of Solis v Marmolejos*, 50 AD3d 691 [2008]; *Matter of Barnett v Ruotolo*, 49 AD3d at 640-641; *Ivani v Ivani*, 303 AD2d 639, 640 [2003]; *Matter of Andre v Brumaire*, 299 AD2d 355, 356 [2002]; *Rohrs v Rohrs*, 297 AD2d 317, 318 [2002]; *see also Matter of Bibicoff v Orfanakis*, 48 AD3d 680, 682 [2008]). In particular, although the father testified at the hearing that he earned a salary of $350 per week, he did not submit a pay stub and testified that he was paid in cash. The father also claimed that he paid various business expenses, including a "commission" to an assistant, from his gross business income. However, although he submitted a copy of his 2006 federal income tax return which listed certain business expenses, he did not detail those expenses nor submit any proof of payment of those expenses. Further, the father's 2006 federal income tax return indicated that he was an independent contractor and paid business expenses from gross business receipts of more than $28,000 for a 10-month period, which was inconsistent with his claim that he was paid a salary of $350 per week as an employee. Under these circumstances, the Family Court did not err in basing its award on the father's gross business income as reported on his 2006 federal income tax return, and sufficiently articulated a basis for the source of the imputed income (*see Matter of Genender v Genender*, 51 AD3d 669, 674-675 [2008]; *see also Bibas v Bibas*, 58 AD3d 586, 588 [2009]). Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.