■ In the Matter of ALISON J. ROHME, Respondent, v JAMES M. BURNS, Appellant. [912 NYS2d 652]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Hoffmann, J.), dated March 9, 2010, which denied his objections to an order of the same court (Raimondi, S.M.), dated January 13, 2010, which, upon findings of fact dated January 11, 2010, made after a hearing, imputed to him an income of $100,000 per year, and found him responsible for 60% of the subject child's support, unreimbursed medical expenses, and private school tuition.

Ordered that the order dated March 9, 2010, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new determination of the father's objections following a report from the Sup-

port Magistrate on the issues of the specific sources of income imputed to the father, the actual dollar amounts assigned to each category, and the resultant calculations pursuant to Family Court Act § 413 (1) (c); and it is further,

Ordered that, pending the new determination of the father's objections, the father shall continue to be responsible for 60% of the subject child's support, unreimbursed medical expenses, and private school tuition.

A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings (*see Brown v Brown*, 239 AD2d 535 [1997]). The court may impute income to a party based on the party's employment history, future earning capacity, educational background, or money received from friends and relatives (*see Matter of Collins v Collins*, 241 AD2d 725, 727 [1997]). Where a party's account is not credible, the court may impute an income higher than claimed (*see Lilikakis v Lilikakis*, 308 AD2d 435, 436 [2003]). However, "in exercising the discretion to impute income to a party, a Support Magistrate is required to provide a clear record of the source from which the income is imputed and the reasons for such imputation" (*Matter of Kristy Helen T. v Richard F.G.*, 17 AD3d 684, 685 [2005]). Where the Support Magistrate fails to specify the sources of income imputed and the actual dollar amount assigned to each category, the record is not sufficiently developed to allow appellate review (*id.* at 685; *see Matter of Sena v Sena*, 61 AD3d 980, 981 [2009]; *Matter of Genender v Genender*, 40 AD3d 994, 995 [2007]).

We agree with the Family Court that the father's testimony regarding his income and earning capacity was not credible. However, the Support Magistrate failed to state how he arrived at the imputed income figure of $100,000 per year. We therefore remit the matter to the Family Court for a report from the Support Magistrate on the issues of the specific sources of income imputed to the father, the actual dollar amounts assigned to each category, and the resultant calculations pursuant to Family Court Act § 413 (1) (c), and thereafter a new determination of the objections. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.