■ In the Matter of ADEJUMOKE OSHODI, Respondent, v OLAREWAJU OLOUWO, Appellant. [941 NYS2d 858]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Hoffman, J.), dated March 9, 2011, which denied his objection to so much of an order of the same court (Livrieri, S.M.), dated November 29, 2010, as, upon findings of fact, made after a hearing, imputing income to him in the sum of $500 per week for the purpose of his child support obligation, granted the mother's petition for an award of child support to the extent of directing him to pay child support in the sum of $319 per month.

Ordered that the order dated March 9, 2011, is affirmed, without costs or disbursements.

The credibility determinations of a Family Court Support Magistrate are entitled to deference (*see Matter of Cordero v Olivera*, 40 AD3d 852, 852-853 [2007]). "A Support Magistrate may properly impute income in calculating a support obligation where he or she finds that a party's account of his or her finances is not credible or is suspect" (*Matter of Sena v Sena*, 65 AD3d 1244, 1244-1245 [2009]).

Here, the father testified at a hearing that he owns and operates a taxi cab, earns $300 per week, and works three days a week for around 12 hours a day. The Support Magistrate imputed income to the father of $500 per week for the purpose of his child support obligation based on, inter alia, a finding that the father's testimony regarding his income was not credible, and based on statements in the father's financial disclosure affidavit (hereinafter FDA) that he had earned $31,000 in 2009.

The Support Magistrate's determination regarding credibility is supported by the record. While the father testified at the hearing that he earns $300 per week, he also testified that he makes "$35,800 a year," which is consistent with the statement in his FDA that his total gross income in 2009 was $31,000. Moreover, the father did not submit a paycheck (*see Matter of Sena v Sena*, 65 AD3d at 1245), and failed to explain how, on a salary of only $300 per week and his wife's disability payments

of $600 per month, he could support himself, his wife, and their three children, and pay a mortgage in excess of $3,000 per month (*see DeSouza-Brown v Brown*, 71 AD3d 946 [2010]).

Based on this record, the Family Court properly denied the father's objection to so much of an order of support as, upon imputing income to him in the sum of $500 per week (*see Matter of Tosques v Ponyicky*, 89 AD3d 1097, 1098 [2011]), granted the mother's petition for an award of child support to the extent of directing him to pay child support in the sum of $319 per month. Rivera, J.P., Dillon, Angiolillo and Leventhal, JJ., concur.