■ In the Matter of Alla Bershadskaya, Appellant, v Roman Nemirovsky, Respondent. [945 NYS2d 171]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Lim, J.), dated June 29, 2011, as, upon renewal, adhered to a determination in an order dated January 28, 2011, denying her objections to so much of an order of the same court (Fasone, S.M.), dated October 15, 2010, as, after a hearing, determined that additional income should not be imputed to the father, and granted her petition for upward modification of the father's child support obligation only to the extent of directing the father to pay child support in the sum of $404 per month.

Ordered that the order dated June 29, 2011, is reversed insofar as appealed from, on the facts and in the exercise of discretion, upon renewal, the determination in the order dated January 28, 2011, denying the mother's objections to the determinations in the order dated October 15, 2012, that additional income should not be imputed to the father and directing the father to pay child support in the sum of only $404 per month is vacated, those objections are sustained, and the matter is remitted to the Family Court, Kings County, for a de novo determination of the appropriate amount of the father's child support obligation in accordance herewith, and a new determination on the petition thereafter; and it is further,

Ordered that pending the new determination on the petition, the father shall continue to pay child support in the sum of $404 per month.

Under the circumstances of this case, where the father admitted that his company paid for him to lease a late model BMW, where BMW Financial Services documents revealed that he was a general manager with a gross annual salary of $95,000, and where he failed to submit compulsory financial disclosure, it was an improvident exercise of discretion for the Support Magistrate to fail to impute additional income to the father, and instead accept his trial testimony that his income was between $500 and $600 a week, as such a determination was not supported by the record (see Matter of Ambrose v Felice, 45 AD3d 581, 582 [2007]; Matter of Gravenese v Marchese, 57 AD3d 992, 993 [2008]; Matter of Lutz v Lutz, 50 AD3d 906 [2008]). Accordingly, upon renewal, the Family Court should have sustained the mother's objections to the Support Magistrate's determinations that additional income should not be imputed to the father and directing the father to pay child support in the sum of only $404 per month.

The mother's remaining contentions are not properly before this Court. Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur.