■ In the Matter of JILL MONGELLUZZO, Respondent, v MICHAEL SONDGEROTH, Appellant. [944 NYS2d 908]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Fitzmaurice, J.), dated September 27, 2011, which denied his objections to an order of the same court (Stein, S.M.), dated May 25, 2011, which, after a hearing, inter alia, directed him to pay child support in the sum of $1,016 per month.

Ordered that the order dated September 27, 2011, is affirmed, with costs.

Contrary to the father's contentions, the Family Court obtained personal jurisdiction over him pursuant to Family Court Act § 580-201 (2).

Further, the Support Magistrate conducted a meaningful hearing prior to determining the father's child support obligation (*see Matter of Nuesi v Gago*, 68 AD3d 1122 [2009]).

A Support Magistrate has considerable discretion in determining whether to impute income to a parent, and when the Support Magistrate determines that a parent's account of his or her finances or ability to pay is not credible, he or she may impute a higher true or potential income (*see Matter of Gravenese v Marchese*, 57 AD3d 992 [2008]). When reviewing a determination of the Family Court, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to assess the credibility of the witnesses (*see Matter of Kahl-Lapine v Lapine*, 35 AD3d 611, 612 [2006]).

Here, the Support Magistrate did not improvidently exercise her discretion in declining to rely on the father's account of his finances, and imputing income based on his most recent income and ability to earn (*see Matter of Westenberger v Westenberger*, 23 AD3d 571 [2005]; *Rocanello v Rocanello*, 254 AD2d 269 [1998]). As these findings were based on credibility determinations and supported by the record, they should not be disturbed (*see Matter of Kennedy v Ventimiglia*, 73 AD3d 1066 [2010]).

The father's remaining contentions are without merit. Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.