■ In the Matter of Jay S. Geller, Appellant, v Hope D. Geller, Respondent. [20 NYS3d 379]—

Appeal from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated August 22, 2014. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (Elizabeth A. Bloom, S.M.), dated May 27, 2014, as, after a hearing, granted his petition for a downward modification of his child support obligation only to the extent of reducing his obligation from the sum of $930 per week to the sum of $650 per week, and directed him to continue to provide health insurance coverage for two of the parties' children.

Ordered that the order dated August 22, 2014, is affirmed insofar as appealed from, without costs or disbursements.

The parties, who have four children, were divorced by a judgment dated August 25, 2011, which awarded the mother $930 per week in child support. In 2012 the father petitioned for a downward modification of his child support obligation, claiming that his obligation should be reduced as the two eldest children had become emancipated. After a hearing, the Support Magistrate determined that the father was only required to provide support for the two youngest children, then calculated each parent's pro rata share of the basic child support obligation pursuant to the Child Support Standards Act (Domestic Relations Law § 240 [1-b] [hereinafter CSSA]). The Support Magistrate imputed income to the father for various bills paid by the father's employer, and determined that the father's pro rata share of the basic child support obligation was $447 per week. However, the Support Magistrate deemed this amount to be "unjust or inappropriate" in light of the financial support the father received from his girlfriend. Therefore, the Support Magistrate deviated from the CSSA, and determined that the father's new child support obligation would be $650 per week. The father filed objections to the Support Magistrate's order, and his objections were denied by the Family Court. The father appeals.

In calculating a party's income pursuant to the CSSA, a court need not rely upon a party's own account of his or her finances (see Matter of Ambrose v Felice, 45 AD3d 581 [2007]). Rather, the court may impute income based upon various factors, including "automobiles or other perquisites that are provided as part of compensation for employment," and "fringe benefits provided as part of compensation for employment" (Family Ct Act § 413 [1] [b] [5] [iv]; see Matter of Ambrose v Felice, 45 AD3d 581 [2007]). Here, the father testified that his employer covered certain of his expenses, including his car payment of $850 per month. Therefore, the Support Magistrate providently exercised her discretion in imputing income to the father (see generally Matter of Solis v Marmolejos, 50 AD3d 691 [2008]; Matter of Ambrose v Felice, 45 AD3d 581 [2007]).

The CSSA provides that if the court finds that the noncustodial parent's basic child support obligation is "unjust or inappropriate," the court shall order the noncustodial parent to pay such an amount that the court finds just and appropriate (Domestic Relations Law § 236 [B] [5-a] [e] [1]). The court's determination must be based upon the statutory factors enumerated in Family Court Act § 413 (1) (f) (1), including "[t]he financial resources of the custodial and non-custodial parent, and those of the child." The court may also consider

"any other factors it deems relevant" (*Matter of Kelly v Kelly*, 90 AD3d 1295, 1297 [2011]; *see Matter of Webb v Rugg*, 197 AD2d 777 [1993]). Here, the father testified that he resides with his girlfriend, and does not financially contribute to any of their household expenses. Accordingly, in light of the financial support the father receives from his girlfriend, the Support Magistrate providently exercised her discretion in deviating from the presumptively correct amount of child support and directing the father to pay $650 per week.

The Support Magistrate also properly directed the father to continue to maintain health insurance benefits for the two youngest children (*see Cohen v Cohen*, 21 AD3d 341 [2005]).

Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order. Leventhal, J.P., Cohen, Duffy and LaSalle, JJ., concur.