Ahrens v Ahrens (2018 NY Slip Op 01724)





Ahrens v Ahrens


2018 NY Slip Op 01724


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


130 CA 17-01527

[*1]KRISTIN AHRENS, PLAINTIFF-RESPONDENT,
v
PETER W. AHRENS, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






THE MCGORRY LAW FIRM, LLP, BUFFALO (MICHAEL P.J. MCGORRY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KENNEY SHELTON LIPTAK NOWAK, BUFFALO (SHARI JO REICH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Sharon S. Townsend, J.), entered May 15, 2017 in a divorce action. The judgment, among other things, adjudged that neither party is entitled to maintenance. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Defendant husband appeals from a judgment of divorce in which Supreme Court determined, among other things, that he is not entitled to maintenance from plaintiff wife. Contrary to the husband's contention, we conclude that the court did not err in imputing to him an annual income in the amount of $135,000 for the purpose of determining whether he should receive maintenance (see Lauzonis v Lauzonis, 105 AD3d 1351, 1351 [4th Dept 2013]). It is well settled that, in making such determinations, the court may consider a party's past income and demonstrated earning potential as evidenced by a party's income from investments, deferred compensation, substantial distributions (see Lennox v Weberman, 109 AD3d 703, 703-704 [1st Dept 2013]), and offers of employment (see Ceravolo v DeSantis, 125 AD3d 113, 120 [3d Dept 2015]). Here, the court considered that, for most of the parties' 20-year marriage, the husband's income ranged from $140,000 to $190,000 annually. It was therefore not an abuse of discretion for the court to conclude that the husband's current income of $89,183, inclusive of expense reimbursements, was a dramatic departure from his past earnings that had been reduced only in the past two years. It also was within the court's discretion to consider a job offer that the husband received during the course of the divorce proceedings with a base salary in the amount of $135,000. We agree with the husband that his decision to decline that job offer did "not render his job search less than diligent," insofar as his decision was based upon his concern that the job was two and one half hours away from where his younger child was residing (Jelfo v Jelfo, 81 AD3d 1255, 1257 [4th Dept 2011]). We conclude, however, that the court's decision to impute income at a level slightly below the husband's traditional median earning range was reasonable, and the amount thereof is supported by the record (see Lauzonis, 105 AD3d at 1351).
We reject the husband's contention that the court erred in imputing to him over $14,500 in unreported fringe benefits. It is well settled that a court in its discretion may impute income based on fringe benefits provided as compensation for employment (see Matter of Geller v Geller, 133 AD3d 599, 600 [2d Dept 2015], citing Family Ct Act § 413 [1] [b] [5] [iv]). Here, the husband testified that his income included various unreported fringe benefits reimbursed to him by his employer, including meal, travel, and entertainment expenses, and he conceded that his bank account reflected at least one instance in which he deposited a check for such reimbursements. There were also several deposits of over $1,000 each month that the husband testified may have been reimbursements for such expenses. We therefore conclude that the court [*2]did not abuse its discretion in imputing those amounts as income to the husband (see id.).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court