Matter of Fleming v McCloskey (2019 NY Slip Op 04697)





Matter of Fleming v McCloskey


2019 NY Slip Op 04697


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-11927
 (Docket No. F-493-16)

[*1]In the Matter of Christine E. Fleming, respondent,
v
Darren Robert McCloskey, appellant.


Darren McCloskey, Yonkers, NY, named herein as Darren Robert McCloskey, appellant pro se.
Christine Fleming, Staten Island, NY, named herein as Christine E. Fleming, respondent pro se.



DECISION & ORDER
In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), entered September 28, 2017. The order denied the father's objections to an order of the same court (Michele Reed Bowman, S.M.), dated August 4, 2017, which, inter alia, directed him to pay child support in the sum of $1,094 per month, health insurance premiums in the sum of $137.97 biweekly, and 54% of unreimbursed health-related expenses for the parties' child.
ORDERED that the order entered September 28, 2017, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the father's objections to so much of the August 4, 2017, order as directed him to pay child support in the sum of $1,094 per month, health insurance premiums in the sum of $137.97 biweekly, and 54% of unreimbursed health-related expenses for the parties' child, and substituting therefor a provision granting those objections and vacating those portions of the August 4, 2017, order; as so modified, the order entered September 28, 2017, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.
The mother and the father are the parents of one child. In December 2015, the mother was awarded physical custody of the child and thereafter commenced a proceeding pursuant to Family Court Act article 4 for child support.
At a hearing on the mother's petition for child support before a Support Magistrate on May 25, 2017, the father failed to provide the court with copies of any corporate tax returns or financial documents for his contracting business. He did submit an unsworn, partially completed financial disclosure affidavit which contained, inter alia, information indicating rental income of "11,100." The financial disclosure form does not indicate if that amount constitutes monthly income or yearly income and the preprinted instructions on that form also fail to delineate whether the amounts set forth on the form should be set forth in monthly or yearly amounts.
After the hearing, the Support Magistrate imputed income to the father in the sum of [*2]$149,528 per year, based in part, upon a determination that the father earned monthly rental income in the sum of $11,100. The Support Magistrate also noted, among other things, that, in 2015, the father had stipulated that he had an income of $90,000. Based on the imputed income of $149,528, in an order dated August 4, 2017 (hereinafter the August 2017 order), the Support Magistrate directed the father to pay child support in the amount of $1,094 per month and health insurance premiums in the sum of $137.97 biweekly and 54% of unreimbursed health-related expenses for the parties' child.
The father filed objections to the August 2017 order contending, inter alia, that the sum of "11,100 " constituted yearly income, not monthly income, and requesting that the August 2017 order be vacated and a new hearing directed. In an order entered September 28, 2017, the Family Court denied the father's objections. The father appeals from that order.
In support proceedings, the Support Magistrate is required to begin the support calculation with the parent's gross income "as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413[1][b][5][I]). Although the Support Magistrate is afforded considerable discretion in determining whether to impute income to a parent, rather than relying on a party's account of his or her finances (see Family Ct Act § 413[1][b][5][v]; Matter of Kameneva v Hughes, 138 AD3d 854, 855; Matter of Bustamante v Donawa, 119 AD3d 559, 560), such determination "will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion" (Matter of Kiernan v Martin, 108 AD3d 767, 768, quoting Matter of Ambrose v Felice, 45 AD3d 581, 582).
Here, the imputation of income to the father in the sum of $149, 528 per year was an improvident exercise of discretion in that it was based, in part, on the Support Magistrate's determination that the sum of "11,100" was monthly income, not annual income, without any inquiry or testimony on that issue at the hearing (see Matter of Gravenese v Marchese, 57 AD3d 992, 993; Matter of Lutz v Lutz, 50 AD3d 906, 906). Although we agree with the Family Court's determination to impute an income to the father, and the record evidence supports an income of at least $90,000, which is the amount of income stipulated to by the father in a prior child support proceeding, it is unclear as to whether the record supports the Support Magistrate's imputation of income to the father of $149,528 per year. Thus, we remit the matter to the Family Court, Westchester County, for a hearing to be conducted concerning the limited issue of whether the father's rental income of $11,100 constitutes annual rental income or monthly rental income (see Matter of Simmons v Simmons, 48 AD3d 691, 692; Rocanello v Rocanello, 254 AD2d 269, 269) and a new determination, if necessary, of the father's income.
The father's remaining contentions are without merit.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court