Perrone v Perrone (2024 NY Slip Op 00820)

Perrone v Perrone

2024 NY Slip Op 00820

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Moulton, J.P., Friedman, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 365138/22 Appeal No. 1679 Case No. 2023-01974 

[*1]Lucie Mariella Perrone, Plaintiff-Respondent,
v
Stephen C. Perrone, Defendant-Appellant.

Schlissel DeCorpo LLP, Lynbrook (Elliot S. Schlissel of counsel), for appellant.

Order, Supreme Court, New York County (Kelly A. O'Neill Levy, J.), entered October 14, 2022, which granted plaintiff wife's motion for pendente lite relief to the extent of directing defendant husband to pay $2,500 in monthly child support and awarding plaintiff $5,000 in attorneys' fees, unanimously affirmed, without costs.
In the absence of exigent circumstances, the best remedy for a perceived inequity in a pendente lite order is a speedy trial (Kohli v Tewari, 216 AD3d 512, 513 [1st Dept 2023]). A court is not bound by a party's own account of their finances, and may impute income to a party where there is a basis to do so. Here, Supreme Court appropriately found that defendant's asserted income from his medical practice and investment and rental income was not credible (see Matter of Rohme v Burns, 79 AD3d 756, 757 [2d Dept 2010]), given the "considerable discrepancies" between his purported gross income of $168,140 and his asserted expenses equaling $286,716, and since he proffered "no evidence . . . to show that [his] expenses were not being paid in a timely manner" (Matter of Barnett v Ruotolo, 49 AD3d 640, 640-641 [2d Dept 2008]). In addition, as the motion court noted, it was undisputed that defendant had provided plaintiff with a credit card with a monthly limit of $3,000 for the child's expenses, which he canceled after plaintiff commenced the instant divorce action. Defendant's net worth statement lists no credit card debt. Therefore, we find that Supreme Court providently imputed income of $300,000 a year to him (see Domestic Relations Law § 240[1-b][b][5][iv]-[v]; Barnett, 49 AD3d at 640-641).
Contrary to defendant's contention, plaintiff's failure to include a completed statement of net worth with her motion was not fatal to the request for child support (see 22 NYCRR 202.16[k][2]). "The proper course where a party fails to include the statement of net worth . . . is to decline to hear the motion, or to deny it without prejudice to renewal upon compliance with the applicable requirements" (Daich v Daich, 153 AD3d 900, 901 [2d Dept 2017] [internal quotation marks omitted]; see 22 NYCRR 202.16[k][5][ii]). Here, the order on appeal notes that plaintiff complied with a prior interim order directing that she submit a completed statement of net worth. Furthermore, since defendant has failed to include both the interim order and plaintiff's net worth statement in the record on appeal, we find that the record is insufficient to permit appellate review of this issue (see Liddle, Robinson & Shoemaker v Shoemaker, 309 AD2d 688, 693 [1st Dept 2003]).
Similarly, since the wife's net worth statement is not included in the appellate record, we also may not consider defendant's argument on appeal that the motion court should have imputed additional income to the wife (id.). Even if we could consider this claim, defendant fails to demonstrate that income should have been imputed to plaintiff. Defendant has also failed to demonstrate any basis [*2]for his claim that he is entitled to receive a credit against child support for having paid "household expenses" (see Aristova v Derkach, 155 AD3d 517, 518 [1st Dept 2017]).
Supreme Court providently awarded attorneys' fees to plaintiff, as defendant failed to rebut the presumption that counsel fees should be awarded to plaintiff as the less monied spouse (Domestic Relations Law § 237[a]).
We have considered appellant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024