■ In the Matter of MICHAEL MCCONNELL, Appellant, v KATHERINE MONTAGRIFF, Respondent. (Matter No. 1.) In the Matter of KATHERINE MONTAGRIFF, Respondent, v MICHAEL MCCONNELL, Appellant. (Matter No. 2.) [650 NYS2d 768] —In related proceedings, *inter alia,* for custody and visitation pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Shapiro, J.), dated July 28, 1995, which, upon an inquest (1) granted the mother an order of protection, *inter alia,* precluding the father from contacting the child for a period of one year, and (2) incorporated the provisions of an order of the same court dated July 28, 1995, which awarded sole custody of the child to the mother and terminated the father's visitation rights.

Ordered that the appeal is dismissed, without costs or disbursements, as no appeal lies from an order made upon the appealing party's default *(see, Katz v Katz,* 68 AD2d 536).

The parties separated shortly after their now 11-year-old son Christopher was born, and they have had joint custody for nearly all of his life. In 1995, the mother filed petitions for sole custody and termination of the father's visitation rights, and the father filed petitions seeking, *inter alia,* increased visitation. On July 28, 1995, the parties and the court initially agreed to an adjournment in order for the father to obtain counsel and for clinical evaluations of the parties. After the Law Guardian stated that he could not make a recommendation regarding visitation with the father until the evaluations were performed, the father stated that he had to leave the courtroom. The court warned the father that, if he did so, it would dismiss his petitions and hold an inquest on the mother's petitions. The father became disruptive and was removed from the courtroom. The court then dismissed the father's petitions and held an immediate inquest on the mother's petition for sole custody. During the inquest, the court entertained an application by the mother for an order of protection. The court granted the mother sole custody, terminated the father's visitation rights, and granted an order of protection, *inter alia,* prohibiting the father from contacting his son.

We conclude that the father's conduct, which precipitated his removal from the courtroom while the proceedings were in progress, constituted a default. Under the circumstances, both the order of protection and the custody order were entered on the father's default so as to preclude appellate review *(see,* CPLR 5511; *see also, Katz v Katz,* 68 AD2d 536, *supra).* The father's remedy is to move in the Family Court to vacate his default. Sullivan, J. P., Joy, Krausman and McGinity, JJ., concur.