■ In the Matter of RANDY HURD, Appellant, v LAURA HURD, Respondent. [757 NYS2d 170] —Appeal from an order of Family Court, Cattaraugus County (Nenno, J.), entered November 1, 2001, which denied petitioner's objections to the order of the Hearing Examiner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner, who suffers from hemophilia and hepatitis C and receives Supplemental Security Income (SSI) benefits, contends that the Hearing Examiner erred in imputing income to him in calculating his child support obligation and that Family Court erred in denying his objections to the Hearing Examiner's order. We reject that contention. A Hearing Examiner is afforded considerable discretion in determining whether to impute income to a parent (see Family Ct Act § 413 [1] [b] [5]), and that determination may properly be based upon a parent's prior employment experience (see Matter of Berg v O'Leary, 193 AD2d 732, 733 [1993]). Here, petitioner himself testified that his SSI benefits were discontinued when he was employed, and the Hearing Examiner was entitled to impute income to petitioner based upon his testimony and other evidence concerning his prior earnings as a union flagman between the years 1997 and 1999. Although petitioner contends that his diagnosis of hepatitis C in the year 2001 limits his ability to work, he submitted no evidence to support that contention other than his own conclusory testimony to that effect. Indeed, the record contains a letter from his treating physician dated August 27, 2001, stating that, although physical labor may be difficult for petitioner, there is "no direct contraindication for employment" based on his medical conditions. In fact, the physician suggests therein that vocational retraining for nonstrenuous "labor employment" would be appropriate.

Petitioner further contends that the Hearing Examiner made a factual error in imputing his earnings. We perceive no reason to disturb the findings of fact of the Hearing Examiner, who was in the best position to hear and evaluate the evidence, including the credibility of the witnesses (see id. at 733-734; Quinn v Quinn, 145 AD2d 754, 756 [1988]). The record before us establishes that at one point in the year 1997 petitioner earned $16.39 per hour while employed through the union for Union Concrete and Construction Co. and that he earned

$3,270.65 in a four-week period during the same year while working for STC Energy, Inc. The record further establishes that in the year 2000 he earned $636 per week while employed through the union for MCS Remedial Services, Inc. The Hearing Examiner properly used that evidence to impute an estimated income for each of those three periods of employment and averaged those three amounts to determine an amount of $55.19 per week according to the Child Support Standards Act (Family Ct Act § 413). The Hearing Examiner thus properly concluded that the current child support obligation of petitioner of $50 per week was "not out of line with his earning potential." Present—Pigott, Jr., P.J., Pine, Hurlbutt, Gorski and Lawton, JJ.