■ In the Matter of TATYANA V. KONDRATYEVA, Respondent, v JOSEPH L. YAPI, Appellant. [788 NYS2d 394]—

In a child support proceeding pursuant to Family Court Act article 4, a related child custody proceeding pursuant to Family Court Act article 6, and a related family offense proceeding pursuant to Family Court Act article 8, the father appeals from (1) an order of the Family Court, Kings County (Lim, J.), dated September 25, 2003, which denied his objections to an order of the same court (Levy, S.M.), dated July 15, 2003, denying his motion to vacate an order of the same court dated February 26, 2003, which, upon his default in appearing, granted the mother's petition for an award of child support, (2) an order of the same court (Karopkin, J.), dated October 22, 2003, which, upon his default in appearing, granted the mother's petition for custody of the two children, and (3) an order of the same court (Karopkin, J.), dated October 22, 2003, which, upon his default in appearing, granted the mother's petition for an order of protection against him.

Ordered that the appeals from the orders dated October 22, 2003, are dismissed, without costs or disbursements; and it is further,

Ordered that the order dated September 25, 2003, is affirmed, without costs or disbursements.

The appeals from the orders dated October 22, 2003, must be dismissed, as they were entered upon the father's default. The Family Court properly found that the father's disruptive behavior in the courtroom was sufficient to constitute a default (*see Matter of McConnell v Montagriff,* 233 AD2d 512 [1996]). No appeal lies from an order made upon the default of the appealing party (*see* CPLR 5511). The proper procedure was to move to vacate the default and, if necessary, appeal from the denial of the motion to vacate (*see Matter of Heitler v Glucks-*

*man,* 309 AD2d 866 [2003]; *Matter of Smith v Richards,* 286 AD2d 393 [2001]).

The Family Court providently exercised its discretion in denying the father's objections to the order denying his motion to vacate the order dated February 26, 2003, as he failed to provide a reasonable excuse for his default in appearing (*see* CPLR 5015 [a] [1]; *Matter of Haber v Haber,* 306 AD2d 282 [2003]). Since the father failed to appear or submit sufficient documentation of his recent income, the court properly calculated his obligation based on the needs of the children as evidenced by the mother's documents and testimony (*see* Family Ct Act § 413 [1] [k]; § 424-a; *Matter of New York City Commr. of Social Servs. v Hills,* 203 AD2d 574 [1994]).

The father submitted insufficient evidence to support his remaining contentions that the proceedings in the Family Court were biased against him. Ritter, J.P., S. Miller, Goldstein and Mastro, JJ., concur.