■ In the Matter of KOLIEN THOMPSON, Also Known as KOLIEN RICHMOND, Respondent, v ROBERT A. PEREZ, Appellant. [838 NYS2d 789]—

In a child support proceeding pursuant to Family Court Act

article 4, the father appeals from an order of the Family Court, Dutchess County (Forman, J.), dated March 27, 2006, which denied his objections to an order of the same court (Winslow, S.M.), entered October 5, 2005, which, after a hearing, inter alia, imputed income to him in the sum of $300 per week, set his child support obligation at $50 per week, awarded the mother arrears in the sum of $557, and directed that he provide the child with medical insurance as soon as such insurance became available to him through any future employer.

Ordered that the order is affirmed, without costs or disbursements.

Upon the father's failure to submit compulsory financial disclosure, the Support Magistrate, under the circumstances presented, properly determined the amount of support based on the evidence adduced at the hearing, which included, inter alia, evidence of the child's needs, as well as evidence of the father's demonstrated earning potential (*see* Family Ct Act § 413 [1] [k]; § 424-a [b]; *Matter of Kondratyeva v Yapi,* 13 AD3d 376, 377 [2004]; *Matter of New York City Commr. of Social Servs. v Hills,* 203 AD2d 574, 575 [1994]). A support magistrate "is afforded considerable discretion in determining whether to impute income to a parent . . . and that determination may properly be based upon a parent's prior employment experience" (*Matter of Hurd v Hurd,* 303 AD2d 928 [2003]) or the income such parent is capable of earning "by honest efforts, given his [or her] education and opportunities" (*Kay v Kay,* 37 NY2d 632, 637 [1975]).

The father's remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.