■ In the Matter of DIANE GENENDER, Respondent, v BENJAMIN GENENDER, Appellant. [858 NYS2d 673]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Woods, J.), entered May 24, 2006, which denied his objections to an order of the same court (Hochberg, S.M.), entered March 28, 2006, which, after a hearing, directed him, inter alia, to pay child support in the sum of $327 per week. By decision and order of this Court dated May 22, 2007, the appeal was held in abeyance and the matter was remitted to the Fam-

ily Court, Orange County (Hochberg, S.M.), to report on the specific sources of income imputed, the actual dollar amount assigned to each category, and the resultant calculations pursuant to Family Court Act § 413 (1) (c) (*see Matter of Genender v Genender*, 40 AD3d 994 [2007]). The Family Court, Orange County, has filed its report. Presiding Justice Prudenti has been substituted for former Justice Krausman, and Justice Chambers has been substituted for former Justice Crane (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, without costs or disbursements.

"A support magistrate is afforded considerable discretion in determining whether to impute income to a parent . . . and that determination may properly be based upon a parent's prior employment experience" (*Matter of Bibicoff v Orfanakis*, 48 AD3d 680, 681 [2008] [internal quotation marks omitted]; *Matter of Hurd v Hurd*, 303 AD2d 928 [2003]), "money, goods, or services provided by relatives and friends" (Family Ct Act § 413 [1] [b] [5] [iv] [D]; *see Ivani v Ivani*, 303 AD2d 639 [2003]; *Matter of Ladd v Suffolk County Dept. of Social Servs.*, 199 AD2d 393, 394 [1993]), or the income such parent is capable of earning "by honest efforts, given his [or her] education and opportunities" (*Kay v Kay*, 37 NY2d 632, 637 [1975]; *Matter of Thompson v Perez*, 42 AD3d 503, 504 [2007]).

Upon the father's failure to submit timely compulsory financial disclosure, the Support Magistrate, under the circumstances presented, properly determined the amount of support based on the evidence adduced at the hearing, which included, inter alia, evidence of the children's needs, as well as evidence of the father's earning potential (*see* Family Ct Act § 413 [1] [k]; § 424-a [b]; *Matter of Thompson v Perez*, 42 AD3d at 504; *Matter of Strella v Ferro*, 42 AD3d 544 [2007]; *Matter of Kondratyeva v Yapi*, 13 AD3d 376, 377 [2004]).

The father's remaining contentions are without merit. Prudenti, P.J., Lifson, Balkin and Chambers, JJ., concur.