■ In the Matter of NEIL GEBAIDE, Appellant, v SUSAN GEBAIDE McGOLDRICK, Respondent. [901 NYS2d 857]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Hunt, J.), dated July 17, 2009, which denied his objections to an order of the same court (Borofsky, S.M.), dated May 22, 2009, which, after a hearing, inter alia, directed the mother to pay child support in the sum of only $63 per week.

Ordered that the order dated July 17, 2009, is affirmed, without costs or disbursements.

" 'A Support Magistrate is afforded considerable discretion in determining whether to impute income to a parent . . . and that determination may properly be based upon a parent's prior employment experience' " (*Matter of Genender v Genender*, 51 AD3d 669, 670 [2008], quoting *Matter of Bibicoff v Orfanakis*, 48 AD3d 680, 681 [2008]; *see Matter of Hurd v Hurd*, 303 AD2d 928 [2003]), "money, goods, or services provided by relatives and friends" (Family Ct Act § 413 [1] [b] [5] [iv] [D]; *see Ivani v Ivani*, 303 AD2d 639 [2003]), or the income such parent is capable of earning "by honest efforts, given his [or her] education and opportunities" (*Kay v Kay*, 37 NY2d 632, 637 [1975]; *see Matter of Genender v Genender*, 51 AD3d 669, 670 [2008]; *Matter of Thompson v Perez*, 42 AD3d 503, 504 [2007]). Contrary to the father's contention, the amount of income imputed to the mother by the Support Magistrate was supported by the record.

The father's remaining contentions are without merit. Dillon, J.P., Miller, Chambers and Lott, JJ., concur.