■ In the Matter of MICHAEL J. ANDERSON, Respondent, v FRANCESCA PAPPALARDO, Appellant. [963 NYS2d 595]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Richmond County (Wolff, J.), dated January 9, 2012, which, after a hearing, denied her objections to two orders of the same court (Hickey, S.M.), dated January 23, 2011, and August 23, 2011, respectively, awarding child support to the guardian of the subject child in the sum of $500 per month, based on the needs of the subject child, pursuant to Family Court Act § 413 (1) (k).

Ordered that the order dated January 9, 2012, is reversed, on the facts, without costs or disbursements, the mother's objections are granted, the orders dated January 23, 2011, and August 23, 2011, are vacated, and the matter is remitted to the Family Court, Richmond County, for a new hearing on the petition and a new determination thereafter.

The Support Magistrate improperly awarded child support based on the needs of the child rather than the mother's income, upon concluding that the mother failed to substantiate her income (*see* Family Ct Act § 413 [1] [k]). The record reflects that, prior to the hearing at which the Support Magistrate issued the order, the mother had appeared before the Support Magistrate only twice and, on both occasions, the appearances were very brief. The record does not reflect what directives the

mother, who was appearing pro se, received regarding the financial disclosure affidavit which she had failed to complete, or what additional documents she was specifically directed to submit to prove her inability to work full-time. Moreover, the Support Magistrate failed to advise the mother that her failure to fill out the financial disclosure affidavit would result in an award of support based on the child's needs, instead of the mother's income (*cf. Matter of Commissioner of Social Servs. v Kastriot D.*, 101 AD3d 574 [2012]; *Matter of Saladin v Vicari*, 23 AD3d 215, 215-216 [2005]). Accordingly, the matter must be remitted to the Family Court, Richmond County, for a new hearing on the petition and a new determination thereafter as to the mother's support obligation. Mastro, J.P., Rivera, Chambers and Miller, JJ., concur.