Matter of Vilmont v Vilmont (2019 NY Slip Op 04705)





Matter of Vilmont v Vilmont


2019 NY Slip Op 04705


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-10603
 (Docket No. F-7224-17)

[*1]In the Matter of Sonely C. Vilmont, respondent,
v
Frantz Vilmont, appellant.


Frantz Vilmont, Roosevelt, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Danielle M. Peterson, J.), dated August 2, 2018. The order denied the father's objections to an order of the same court (Elizabeth A. Bloom, S.M.) dated April 11, 2018, which, after a hearing, inter alia, in effect, granted the mother's petition seeking child support, and directed the father to pay child support in the sum of $664 per month.
ORDERED that the order dated August 2, 2018, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the father's objections are granted, the order dated April 11, 2018, is vacated, and the matter is remitted to the Family Court, Nassau County, for a new hearing on the mother's petition and a new determination thereafter.
The parties have two children together. In August 2017, the mother filed a petition seeking child support. In written findings of fact made after a hearing, the Support Magistrate found that neither party had substantiated their income, and she imputed income to both of them. In an order dated April 11, 2018, the Support Magistrate, inter alia, in effect, granted the mother's petition, and directed the father to pay child support in the sum of $664 per month. Subsequently, in an order dated August 2, 2018, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.
While a Support Magistrate " is afforded considerable discretion in determining whether to impute income to a parent'" (Matter of Thompson v Perez, 42 AD3d 503, quoting Matter of Hurd v Hurd, 303 AD2d 928), a determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion (see Matter of Ambrose v Felice, 45 AD3d 581, 582; Matter of Bianchi v Breakell, 23 AD3d 947; Goudreau v Goudreau, 283 AD2d 684).
Here, the Support Magistrate's imputation of income is not supported by the record. During a brief colloquy among the parties and the Support Magistrate, documents were submitted but neither party gave sworn testimony. When the parties were before the Support Magistrate, she made no attempt to elicit any further information (see Matter of Anderson v Pappalardo, 105 AD3d 1043; Abbondola v Abbondola, 40 AD2d 976, 976-977), despite a reference to rental income which was unexplained. Although the Support Magistrate, in her findings of fact, found the documents submitted by the parties to be inadequate and unsubstantiated, there is no indication that the parties were advised during the course of the hearing as to the Support Magistrate's concerns with the [*2]documents submitted nor is there any indication that the parties were afforded the opportunity to submit further documents. Furthermore, under the circumstances, the denial of the father's adjournment request was an improvident exercise of discretion (see Family Ct Act § 424-a[c]; Matter of Dailey v Govan, 136 AD3d 1029, 1030-1031).
Accordingly, the matter must be remitted to the Family Court, Nassau County, for a new hearing on the petition and a new determination thereafter.
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court