Matter of Zelaya v Cervas (2019 NY Slip Op 08680)





Matter of Zelaya v Cervas


2019 NY Slip Op 08680


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-14693
 (Docket No. F-01601-09/18M)

[*1]In the Matter of Katheryne Zelaya, respondent,
v
Omar Cervas, appellant.


W. David Eddy, Jr., White Plains, NY, for appellant.



In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated August 16, 2018. The order of commitment, in effect, confirmed an order of the same court (Rosa Cabanillas-Thompson, S.M.), dated July 11, 2018, made after a hearing and upon his default, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Westchester County Jail for a term of three months unless he paid the purge amount of $3,000.
ORDERED that the appeal is dismissed, without costs or disbursements.
The parties, who were never married, are the parents of a child born in 2008. By petition dated February 9, 2018, the mother commenced this proceeding pursuant to Family Court Act article 4 alleging that the father was in violation of an order of child support, which required him to pay $25 monthly. Following a hearing at which the father failed to appear, the Support Magistrate issued an order finding that the father's failure to pay child support was willful and referred the matter to a Family Court judge for a confirmation of willfulness hearing. The father failed to appear at the confirmation of willfulness hearing. In an order of commitment dated August 16, 2018, the Family Court, in effect, confirmed the Support Magistrate's order and committed the father to the custody of the Westchester County Jail for a term of three months unless he paid the purge amount of $3,000. The father appeals from the order of commitment.
The appeal from the order of commitment must be dismissed, as it was entered upon the father's default. No appeal lies from an order made upon the default of the appealing party (see CPLR 5511; Thomas v State of New York, 173 AD3d 1238, 1238-1239; Matter of Kondratyeva v Yapi, 13 AD3d 376, 376; Matter of Johnson v Boone, 289 AD2d 938, 938). The proper procedure was to move to vacate the default and then appeal from the denial of the motion to vacate (see Matter of Kondratyeva v Yapi, 13 AD3d at 376; High v Coletti, 143 AD2d 810, 810; see also Matter of Delong v Bristol, 117 AD3d 1566, 1566). Here, although the father, in effect, moved to vacate his default, he failed to appear at the hearing on his motion, the Support Magistrate denied his motion, and no appeal has been taken from that denial.
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court