Matter of Bartosz B. (Andrzej B.) (2020 NY Slip Op 05743)





Matter of Bartosz B. (Andrzej B.)


2020 NY Slip Op 05743


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-06389
2019-06392
2019-06560
 (Docket Nos. N-24124-16, N-24123-16, V-15183-18)

[*1]In the Matter of Bartosz B. (Anonymous). Administration for Children's Services, respondent; Andrzej B. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Christian B. (Anonymous). Administration for Children's Services, respondent; Andrzej B. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Elzbieta Barczak, respondent, Andrzej Barczak, appellant. (Proceeding No. 3.)


Christine Theodore, Spring Valley, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Melanie T. West and Daniel Matza-Brown of counsel), for respondent in Proceeding Nos. 1 and 2.
Nestor Soto, Astoria, NY, for respondent in Proceeding No. 3.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10 and a related custody proceeding, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Mildred T. Negron, J.), dated October 23, 2018, (2) an order of the same court (Diane Costanzo, J.) dated May 1, 2019, and (3) an order of disposition of the same court (Diane Costanzo, J.) dated May 2, 2019. The order of fact-finding, after a hearing, found that the father neglected the child Christian B. and derivatively neglected the child Bartosz B. The order dated May 1, 2019, after a combined dispositional and custody hearing, and upon the father's default, granted the mother's petition for sole legal and physical custody of the children and denied the father's petition for parental access. The order of disposition, upon the order of fact-finding, and upon the father's default, released the children to the custody of the mother.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from the order dated May 1, 2019, is dismissed, without [*2]costs or disbursements, as no appeal lies from an order that was entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the appeal from the order of disposition is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest (see CPLR 5511; Matter of Marchella P. [Loretta B.-B.], 137 AD3d 1286, 1287); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
Since the order of disposition appealed from was made upon the father's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Marchella P. [Loretta B.-B.], 137 AD3d 1286, 1287; Matter of Yu F. [Fen W.], 122 AD3d 761; Matter of Smith v Howard, 113 AD3d 781, 781). Accordingly, on the appeal from the order of disposition, review is limited to the Family Court's finding that the father neglected the subject children, the court's denial of the father's application to adjourn the dispositional hearing, and the court's termination of the father's telephonic participation in the dispositional hearing.
The petitioner, Administration for Children's Services, commenced two related child protective proceedings pursuant to Family Court Act article 10, alleging that the father neglected the child Christian B. by inflicting excessive corporal punishment on him and derivatively neglected the child Bartosz B. After a fact-finding hearing, the Family Court determined that the father neglected Christian B. and derivatively neglected Bartosz B. Thereafter, the father was deported to Poland. After several adjournments, a combined dispositional hearing and hearing to address the mother's custody petition (hereinafter the hearing) was scheduled for May 1, 2019, with the father to participate by telephone. On the day of the hearing, the father requested an adjournment on the grounds that he anticipated returning to New York at the end of the month and that he sought to replace his assigned counsel. After the Family Court denied his request, the father repeatedly interrupted the proceedings, prompting the court to caution the father that if he persisted in his interruptions, the court would terminate the telephone call. The father refused to heed the court's warnings and, after he again interrupted the proceedings, the court terminated the call. The court thereafter issued an order of disposition upon the father's default, releasing the children to the custody of the mother and requiring the father to file a new petition in order to have parental access
with the children.
"'In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence'" (Matter of David B. [Stacy T.], 171 AD3d 1041, 1042, quoting Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868; see Family Ct Act § 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368). Parents have the right to use reasonable physical force against a child to maintain discipline or promote the child's welfare (see Matter of David B., 171 AD3d 1041, 1042; Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 955). However, "the use of excessive corporal punishment constitutes neglect" (Matter of David B. [Stacy T.], 171 AD3d at 1042 [internal quotation marks omitted]; see Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 955).
A preponderance of the evidence supports the Family Court's finding that the father neglected Christian B. by inflicting excessive corporal punishment on him (see Matter of David B. [Stacy T.], 171 AD3d at 1042; Matter of Samuel W. [Luemay F.], 160 AD3d 755, 756). Although the father disputed the allegations, the court's determination that his version of events was not credible is entitled to deference and is supported by the record (see Matter of Samuel W. [Luemay F.], 160 AD3d at 756). The evidence also was sufficient to support the court's finding that Bartosz B. was derivatively neglected (see id. at 757).
The Family Court did not improvidently exercise its discretion in denying the father's application for an adjournment of the hearing (see Family Ct Act § 1048[a]; Matter of Steven B., 6 NY3d 888, 889; Matter of Logan R. [Manuel R.], 168 AD3d 946, 947). While the father was not physically present in court, he was present on the telephone and was represented by an attorney who was in the courtroom. His request for an adjournment could have been made earlier, and the father did not substantiate either his assertion that he would be returning to New York in the near future or his assertions of dissatisfaction with assigned counsel. The court acted within its discretion in [*3]viewing the father's application as a tactic to obtain delay and in regarding the conclusion of the matter as being important to the children's well-being and stability (see Matter of Eckstein v Young, 176 AD3d 813, 814).
We agree with the Family Court's finding that the father's persistent interruptions during his telephonic participation at the hearing warranted termination of the call and constituted a default (see Matter of Kondratyeva v Yapi, 13 AD3d 376; Matter of McConnell v Montagriff, 233 AD2d 512, 512-513). Accordingly, the determinations made after the father was found in default are not subject to direct appellate review (see CPLR 5511; Matter of McConnell v Montagriff, 233 AD2d at 513).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court