Matter of Smith v Bullock (2022 NY Slip Op 00671)





Matter of Smith v Bullock


2022 NY Slip Op 00671


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2021-01974
 (Docket Nos. V-00976-15, V-00659-16)

[*1]In the Matter of Judith Smith, respondent,
v
James Bullock, appellant. (Proceeding No. 1)
In the Matter of James Bullock, appellant, v Judith Smith, respondent. (Proceeding No. 2)
 Paul W. Matthews, Forest Hills, NY, for appellant. Tammi D. Pere, Jamaica, NY, for respondent. 


Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Eva D. Stein of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated February 11, 2021. The order granted the petition of the nonparent Judith Smith for custody of the subject child and denied the father's petition for custody of the child.
ORDERED that the appeal is dismissed, without costs or disbursements, as no appeal lies from an order that was entered upon the default of the appealing party (see CPLR 5511), except with respect to matters which were the subject of contest (see CPLR 5511; Matter of Marchella P. [Loretta B.-B.], 137 AD3d 1286, 1287); and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
The record demonstrates that the father's disruptive behavior over the course of these proceedings, and specifically, during the conference on January 27, 2021, was grossly disrespectful to the Supreme Court and precipitated his removal from the virtual courtroom. Therefore, the court acted properly in excluding the father from further participation in the proceedings, as the father's conduct was sufficient to constitute a knowing and willful default (see Matter of Bartosz B. [Andrzej B.], 187 AD3d 894, 896; Matter of Nyree S. v Gregory C., 99 AD3d 561, 562; Matter of Kondratyeva v Yapi, 13 AD3d 376; Matter of McConnell v Montagriff, 233 AD2d 512).
The determinations made after the father was found in default are not subject to direct appellate review (see CPLR 5511; Matter of Bartosz B. [Andrzej B.], 187 AD3d at 896; Matter of Zelaya v Cervas, 178 AD3d 710). We note that the appellant did not move to vacate the default.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court