Matter of Kingston V. R. (Victor R.) (2023 NY Slip Op 02786)

Matter of Kingston V. R. (Victor R.)

2023 NY Slip Op 02786

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-06057
 (Docket No. B-1593-22)

[*1]In the Matter of Kingston. R. (Anonymous). Rising Ground, petitioner-respondent; Victor R. (Anonymous), appellant, et al., respondent.

Larry S. Bachner, New York, NY, for appellant.
John R. Eyerman, New York, NY, for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated July 20, 2022. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the father abandoned and permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the Commissioner of the Administration for Children's Services and the petitioner for the purpose of adoption.
ORDERED that the appeal is dismissed, without costs or disbursements.
In February 2022, the petitioner commenced this proceeding, inter alia, to terminate the father's parental rights to the subject child. During the fact-finding hearing, the father voluntarily absented himself, and his assigned counsel chose to remain mute. After the fact-finding hearing was completed and after a dispositional hearing, the Family Court found that the father abandoned and permanently neglected the child, terminated his parental rights, and transferred guardianship and custody of the child to the Commissioner of the Administration for Children's Services and the petitioner for the purpose of adoption. The father appeals.
The father's contentions are not properly before this Court, on the ground that no appeal lies from an order issued on the default of the appealing party (see CPLR 5511; Matter of Aurora B. [Eric H.], 212 AD3d 806, 807-808; Matter of Smith v Bullock, 202 AD3d 697, 698; Matter of Jaiyeola-Akintunde J., 8 AD3d 281, 281).
BARROS, J.P., MALTESE, WARHIT and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court