Seltzer v Altman (2026 NY Slip Op 00929)

Seltzer v Altman

2026 NY Slip Op 00929

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-06643
 (Index No. 12735/11)

[*1]Debra Seltzer, respondent, 
vCharles Altman, defendant-appellant; Fredman, Baken & Novenstern, LLP, nonparty-appellant.

Altman Law Group LLC, Rye, NY (Charles Altman pro se of counsel), for defendant-appellant.
The Wiederkehr Law Group, P.C., White Plains, NY (Evan Wiederkehr of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, and nonparty Fredman, Baken & Novenstern, LLP, separately appeals, from a judgment of divorce of the Supreme Court, Westchester County (Keri A. Fiore, J.), dated July 8, 2024. The judgment of divorce, insofar as appealed from by the defendant, upon the defendant's default in appearing at the trial on the issue of equitable distribution, and upon an inquest on that issue, awarded the plaintiff use and occupancy of the marital residence as her sole and separate property and equitably distributed the marital property. The appeal by nonparty Fredman, Baken & Novenstern, LLP, was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the appeal by the defendant from the judgment of divorce is dismissed, except insofar as it brings up for review the Supreme Court's determination that the defendant defaulted in appearing for trial (see CPLR 5511); and it is further,
ORDERED that the judgment of divorce is affirmed insofar as reviewed on the appeal by the defendant; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
No appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511; Merlino v Merlino, 171 AD3d 911, 912). However, an appeal from such a judgment brings up for review "those matters which were the subject of contest before the Supreme Court" (Merlino v Merlino, 171 AD3d at 913 [internal quotation marks omitted]; see Bottini v Bottini, 164 AD3d 556, 558).
Here, the Supreme Court properly found that the defendant's disruptive behavior in the courtroom was sufficient to constitute a default and proceeded to an inquest on the issue of equitable distribution in his absence (see Matter of Bartosz B. [Andrzej B.], 187 AD3d 894, 896-897; Sarlo-Pinzur v Pinzur, 59 AD3d 607; Matter of McConnell v Montagriff, 233 AD2d 512, 513). Since the issues of equitable distribution were made upon the defendant's default, they are not [*2]subject to direct appellate review (see CPLR 5511; Matter of Bartosz B. [Andrzej B.], 187 AD3d at 897; Merlino v Merlino, 171 AD3d 911; Matter of McConnell v Montagriff, 233 AD2d at 513).
The defendant seeks review of so much of an order dated July 17, 2023, as denied those branches of his motion which were for summary judgment on certain financial issues. That portion of that order cannot be reviewed on the appeal from the judgment of divorce, as the denial of those branches of the motion did not necessarily affect the judgment of divorce (see CPLR 5501[a][1]; Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025-1026).
The defendant's contentions regarding so much of an order dated March 11, 2020, as granted a certain branch of the plaintiff's cross-motion cannot be reviewed, as the appendix prepared by the defendant does not contain the relevant portions of the record to enable this Court to render an informed decision on the merits of that branch of the cross-motion (see CPLR 5528[a][5]; 22 NYCRR 1250.7[d][1]; Connolly v Nina, 239 AD3d 701; Ravasio v La Pata, 216 AD3d 686, 686-687).
BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court